**HINES, Adm'r of Veterans' Affairs, v. BEVERS.**

No. 4693.

Court of Civil Appeals of Texas. Amarillo.

Jan. 18, 1937.

Rehearing Denied April 26, 1937.

Eric Eades, of Dallas, and J. Thad Baker and Owen Black, both of Oklahoma City, Okl., for appellant.

Cocke & Cocke, of Wellington, for appellee.

HALL, Chief Justice.

Bevers filed, in the probate court of Collingsworth county, what he designates as an "application as guardian asking for confirmation of all matters and things heretofore done in said estate." He alleges that he was duly appointed guardian of the person and estate of Joseph J. Bevers on the 3d day of September, 1930, by the order of the probate court of said county; that Joseph J. Bevers, his ward, is non compos mentis. With great particularity he further alleges the issuance of notice, process, and citation; that on the same day he filed his oath as guardian; on the 6th day of September filed his bond, which was approved by the court; and that he was appointed upon the resignation of W. V. Bevers, who had prior thereto been duly and legally appointed guardian. He further alleges that in all things and in all respects the estate coming into his hands had been justly, fairly, and legally cared for and protected; that all items expended from said estate had been justly and legally expended, and upon proper order of the court; that he filed annually his reports, making a full, fair, just, and complete statement of all receipts that had come into his hands, and of all expenditures made; that said reports had been approved in all things after due notice,

giving the date of the filing and approval, together with the volume of the probate minutes in which such reports had been recorded, and proceeds as follows:

"And your applicant here now asks that the orders confirming and approving said reports be reconfirmed and reapproved, and that all matters and things done since the appointment of your applicant be in all respects affirmed and approved and confirmed. * * *

"That there has arisen in the guardianship of said estate a question and issue as to the legality of applicant's appointment and qualifications as such guardian, and for such reason and in order that said matter may be fully and finally determined, your applicant here now charges and alleges the facts to be that at the time of and prior to his appointment as such guardian, and at the time of the appointment of his predecessor, namely W. V. Bevers, the said Joseph J. Bevers was wholly non compos, incompetent and of unsound mind, and a guardian was at said time and at all times since necessary for both the person and estate of said Joseph J. Bevers, and your applicant here now asks the court to hear evidence upon all of the matters and things hereinbefore set forth, and that the same be here now ratified and confirmed, and that the said Joseph J. Bevers be found by this court at all times pertinent hereto of unsound mind, wholly non compos and incompetent, and that notice hereof be issued and served as provided by law, and that personal service be had herein upon the said Joseph J. Bevers, who resides in Collingsworth County, Texas, and that this court here and now, upon final hearing of matters involved in this petition, enter such orders, judgments and decrees as to the court appear proper and for the best interest of the estate of the said Joseph J. Bevers."

Later, at a time not shown by the record, Frank T. Hines, as Administrator of Veterans' Affairs, United States of America, by J. Thad Baker, Chief Attorney Veterans' Administration, Oklahoma City, Okl., filed an instrument which recites that he is interested in the estate of Joseph J. Bevers by reason of the fact that said estate consists solely of funds paid out and to be paid by the Veterans' Administration under the provisions of the War Risk Insurance Act, as amended (38 Stat. 711, as amended), and World War Veterans' Act, as amended (38 U.S.C.A. § 421 et seq.),

together with earnings from such funds; that the application of John F. Bevers, filed on the 29th day of July, 1935, praying for the ratification and confirmation of all proceedings theretofore taken and entered in this cause, should be denied for the reason that each and every adjudication of mental incapacity and appointment of guardian for the said Joseph J. Bevers heretofore made was and is wholly void and of no effect for the following reasons disclosed on the face of the record herein, to wit:

1. That no warrant, citation, or notice of any character was ever personally served upon the alleged incompetent, Joseph J. Bevers, in any proceeding for the adjudication of his mental capacity, in order to appoint a guardian over his person and estate.

2. That said Joseph J. Bevers was never present at any hearing on the question of his sanity for the purpose of the appointment of a guardian.

3. That no jury was ever impaneled for hearing on the question of the sanity or mental capacity of said Joseph J. Bevers, nor was jury waived.

4. That no petition or application or complaint verified under oath was ever filed herein alleging the said Joseph J. Bevers to be of unsound mind.

Petitioner further shows to the court that the applicant, John F. Bevers, is not entitled to appointment as guardian of the said Joseph J. Bevers for the reason that as de facto guardian of said Joseph J. Bevers he received certain moneys and property belonging to said Joseph J. Bevers, and is to that extent indebted to him, as shown by the annual accounts of said John F. Bevers filed and of record herein.

On the 11th day of September, 1935, the matter came on for hearing and was heard in the county court of Collingsworth county. An order was entered reciting that due and proper notice and service of the filing and hearing of the petition had been made in all things and in all respects as required by law, including personal service upon Joseph J. Bevers. Frank T. Hines, Administrator of Veterans' Affairs, U.S.A., appeared by J. Thad Baker, his attorney; that Joseph J. Bevers appeared not; that John F. Bevers appeared by his attorneys, Cocke & Cocke; and without a jury the court heard and con-

sidered all the matters and things set forth, and finds that John F. Bevers was legally appointed guardian, and that the court had legally adjudicated that Joseph J. Bevers was of unsound mind; that John F. Bevers, as guardian, had regularly filed his annual reports, which had been regularly approved. The judgment proceeds as follows: "It is, therefore, considered, ordered, adjudged and decreed by the court that John F. Bevers was duly and legally appointed and qualified as guardian of the person and estate of the said Joseph J. Bevers and is now the duly and regularly appointed, qualified and acting guardian of said person and estate of Joseph J. Bevers, a person of unsound mind, and that his annual accounts were regularly filed and approved, as provided by law, and this order is placed upon the Minutes of this Court and entered in confirmation thereof, and the petition and pleading of the guardian filed herein as aforesaid, together with the notice, citation and officers' returns thereon, are ordered recorded in the Minutes of this Court; to which action and judgment and holding the said Frank T. Hines, Administrator of Veterans' Affairs, excepted and gave notice of appeal."

Hines appealed to the district court of Collingsworth county, where the matter was again heard by the court, without a jury, and resulted in a judgment in favor of John F. Bevers, guardian, decreeing that Joseph J. Bevers is of unsound mind, and has been continuously since July, 1920; that John F. Bevers is the duly and legally qualified guardian of the person and estate of the said Joseph J. Bevers; and that the order and decree of the county court of Collingsworth county, sitting in matters probate, entered in this cause on September 11, 1935, be in all things and all respects affirmed and approved. The court then adjudicates and decrees the regularity of the appointment of Bevers as the guardian of Joseph J. Bevers, insane, and recites that John F. Bevers duly and legally qualified, and orders that the judgment of the district court approving and affirming the judgment of the county court be certified to the county clerk of Collingsworth county for observance, and that all original papers be returned to said county court. From this order, Frank T. Hines, as Administrator, has appealed.

A motion was filed to dismiss the appeal for the want of a proper bond. In response

to the motion Hines has filed a bond in all respects complying with the statute, and, without passing upon the sufficiency of the original attempt to appeal, the new bond proffered in response to the motion to dismiss is ordered filed as a part of the record in this case.

The application filed in the first instance in the county court is unique. In it the applicant does not complain of any wrong committed by any particular party to his detriment or to the detriment of his ward or his ward's estate. It is a complaint against some unnamed person, somewhere in the wide, wide world, who has asserted that the applicant is not the duly qualified guardian of Joseph J. Bevers. When considered alone, it shows no cause of action which would invoke the jurisdiction of the county court in which it was filed.

By his brief the appellee insists that the instrument is a bill of review, authorized by and filed under R.S. art. 4328, which provides: "Any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein. But no process or action under such decision, order or judgment shall be stayed except by writ of injunction."

■ A bill of review filed in matters of guardianship is a special proceeding, provided by statute, and a party who attempts to resort to such a proceeding must bring himself strictly within the letter of the act. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; 1 Tex.Jur. 689, § 70.

■ The statutory provision is for any interested party who desires to have any "order or judgment * * * revised and corrected on showing error therein." The application, instead of alleging error, asserts in effect that everything has been done in said estate with due precision; that the whole proceeding is perfect from beginning to end; that there have been no errors and no mistakes. This being the case, the statute has no application. If the whole proceeding is perfect and legal, it needs no confirmation.

■ The only possible ground upon which the court could entertain the appellee's application and prayer is because, presumably, somebody, somewhere, and at some time, has said that applicant is not duly qualified as guardian. However, it seems that Administrator Hines has taken up the gauntlet and by a cross-complaint attacks the proceedings in the particulars above set out. He filed no demurrers nor exceptions nor denial in the trial court, but in his cross-complaint sets out certain specific matters which he contends, if true, shows the disqualification of the appellee to act as guardian. Until the filing of this application there was nothing before the court calling for an adjudication, but the cross-complaint has injected into the case the specific issues tendered therein which require judicial consideration and determination. The cross-complaint presents a cause of action, and under R.S. art. 2005, a general denial to its allegations is implied.

■ The grounds upon which the appellant challenges the validity of John F. Bevers' appointment as guardian seem to be based upon the assumption that no guardian could be appointed in a case of this character until the ward had been duly tried in a lunacy proceeding and convicted. This contention is unsound.

When article 4123 of the Revised Statutes was amended by the Acts of the 40th Legislature, 1927, p. 257, c. 179, § 3 (Vernon's Ann.Civ.St. art. 4123), the emergency clause contained this recital: "The importance of this measure, the fact that many disabled ex-service men of the World War who are not insane, but are suffering from a complication of nervous disorders, are entitled to receive compensation from the Federal Government, by reason of disability incurred in the service of their country during the World War, and are prevented from receiving such compensation because the Federal Government will not pay the same unless a guardian be appointed, thus forcing such veterans to be declared of unsound mind and to undergo the humiliation incident thereto, creates an emergency, and an imperative public necessity, that the constitutional rule," etc. Section 4.

This recital clearly shows that the intention of the Legislature was to change the rule which required a prior trial and conviction of the ward upon a charge of lunacy.

In Bearden et al. v. Texas Co. (Tex. Com.App.) 60 S.W.(2d) 1031, 1033, this contention was considered and disposed of by Justice Critz in the following language:

"In connection with the above, Ritchie contends further that under the Constitution and laws of this state any judgment attempting to appoint a guardian for the person or estate of a non compos mentis or insane person without an actual jury trial first being had on the issue of insanity is in all events utterly null and void and subject to collateral attack. We disagree with this contention. On the other hand, we think that where article 4123, R.C.S. of Texas 1925, and relating statutes, are properly followed and service and notice had on the person alleged to be non compos mentis or insane, as provided by articles 4114, 4115, and 4116, R.C.S. 1925, a guardian appointed without an actual jury trial is legal and valid. Of course, under subdivision 4 of article 4123, and under the Constitution, it would be error to refuse a jury trial if one should be demanded. In this connection we further hold that the procedure provided by article 4123, supra, and relating statutes, is not exclusive, but is merely cumulative of the procedure provided by chapter 12 of the same title 69 (article 4267 et seq.)."

The statement of facts in the case is brief, consisting of only five pages, made up principally of discussions between counsel, and between counsel and the court, as to what the law requires and what the facts show. The application to be appointed guardian, the notices issued thereon, the order of the court making the appointment, and, in fact, none of the proceedings relative to the issues made by the appellant's cross-complaint are shown in the statement of facts. The transcript, consisting of more than 240 pages, contains what seems to be a copy of every document, process, and order made by the probate judge, not only relating to the appointment of the present guardian, but to the appointment of former guardians, and, of course, cannot be considered because these instruments were not filed as exhibits to any pleadings, or referred to therein. 3 Tex.Jur. 699, § 500. The proper place for such matters is in the statement of facts. The finding of the trial judge is that notice and citation was properly issued before the appointment of John F. Bevers as guardian. We are bound by this finding.

The briefs of appellant raise a great many questions and issues which are not supported by the pleadings. A general statement that the guardian had not been duly and legally appointed, or that the appointment theretofore made was and is wholly void, are conclusions of the pleader and are too indefinite and general to be considered. Texas & N. O. Ry. Co. v. Conn. (Tex.Civ.App.) 30 S.W.(2d) 939; Shaffer v. Brown (Tex.Civ.App.) 59 S.W. (2d) 854.

The specific charges in the cross-complaint only can be considered. The first charge, that service of process was insufficient, is disposed of against appellant's contention by the court's finding. Moreover, the issuance and service of process is not required in cases of this character where the ward is insane. Pure Oil Co. v. Clark (Tex.Civ.App.) 37 S.W. (2d) 1088; Clark v. Pure Oil Co. (Tex. Com.App.) 56 S.W.(2d) 855. The second ground of attack, that the ward was never present at any hearing on the question of his insanity for the purpose of the appointment of a guardian, is without merit, under the holding in the Pure Oil Co. Case, supra. The third ground, that no jury was ever impaneled, has no merit for the reason that it was not shown that any jury was ever demanded by any one. The fourth ground, that no verified petition alleging the mental incapacity of Joseph J. Bevers was ever filed, is disposed of by the court's finding. The final ground, that John F. Bevers is not entitled to appointment for the reason that "as de facto guardian of the said Joseph J. Bevers he received certain moneys and property belonging to said Joseph J. Bevers and is to that extent indebted to him as shown by his annual account," is without merit because it assumes that John F. Bevers was never de jure guardian of the ward and his estate. The record before us shows that his acts as guardian were not as de facto guardian, and this contention is overruled.

We find no reversible error, and the judgment is affirmed.