### DICKERSON v. DICKERSON et al.
### No. 11225.

Court of Civil Appeals of Texas.
San Antonio, Texas.
Dec. 16, 1942.

Shelton & Shelton, of Austin, for appellant.

Johnson & Rogers and Nat L. Hardy, all of San Antonio, for appellees.

NORVELL, Justice.

Clyde Dickerson has appealed from a judgment of the District Court of Bexar

County that he take nothing as against Julia Dickerson and Great American Indemnity Company, alleged to be a surety upon a guardian's bond executed by Julia Dickerson as principal. Trial below was to the court without a jury and no findings of fact or conclusions of law were filed.

Appellant's theory of recovery was that a certain guardianship proceeding had in the County Court of Caldwell County was totally void and ineffective. The alleged liability of Great American Indemnity Company to appellant was predicated upon the theory that a guardian's bond executed by Julia Dickerson as principal and the indemnity company as surety was enforcible as a "common law bond."

The petition upon which the trial was had names as defendants Martin W. Callahan, County Judge of Caldwell County, and the surety upon his official bond, in addition to the parties to this appeal. The action insofar as it related to the County Judge and his surety was transferred to the district court of Caldwell County. Without amendment of the pleadings, the cause proceeded to trial against Julia Dickerson and Great American Indemnity Company.

Appellant contended that Julia Dickerson, who was the wife of appellant at the time, acquired control of their community property by virtue of proceedings had in the County Court of Caldwell County in Cause No. 2272, styled "In the matter of the Estate of C. (Clyde) Dickerson, non compos mentis," and that said property had been wasted, misapplied, and converted to improper uses by the said Julia Dickerson.

From the evidence (which was chiefly in the form of certified copies of the Caldwell County proceedings) it appears that:

Julia Dickerson filed her application for appointment as guardian of her husband on April 29, 1937.

On May 17th, the County Court found that Clyde Dickerson was in fact a person of unsound mind and appointed Julia Dickerson guardian of his estate.

Various other proceedings were had in connection with said estate, such as expenditures allowed, claims and accounts filed and approved.

On November 19, 1938, an order was entered in said proceedings adjudging Clyde Dickerson to be "sane and of right mind." He thereupon made application for a final accounting of the estate, which was ordered. Julia Dickerson thereafter filed a report which was apparently approved by the County Judge on June 3, 1939, and the guardian ordered discharged.

Clyde Dickerson and Julia Dickerson were divorced on November 29, 1940.

■ As above pointed out, appellant takes the position here that all proceedings in the Caldwell County Court were nullities, as it seems probable that various orders of said court, if not wholly void, would protect the surety of the guardian's bond from liability, at least until the same were set aside in a proper proceeding. National Surety Co. v. Landers, Tex.Civ. App., 235 S.W. 275. It is clear that this action filed in the Bexar County District Court must be considered as a collateral rather than a direct attack upon the orders or judgments of the Caldwell County Court. Empire Gas & Fuel Company v. Albright, 126 Tex. 485, 87 S.W.2d 1092, 1096.

In support of his contention that the appointment of Julia Dickerson as guardian of the estate of Clyde Dickerson and all proceedings subsequent thereto are wholly void, appellant advances the following reasons (statutory references are to Vernon's Annotated Civil Statutes): (1) The application for appointment as guardian did not state the age of Clyde Dickerson nor the probable value of the estate, as required by Article 4113. (2) In the absence of a reference to the probable value of the estate in the application, it became the duty of the County Judge to make such estimate, and in this particular case the County Judge of Caldwell County fixed the amount of the guardian's bond at less than double the value of the personal property of the estate. Article 4141. (3) Clyde Dickerson was not served with personal citation as required by Article 4116, nor was a proper notice given in accordance with Article 4114, as required by Article 4274, which provides that the provisions of Title 69, relating to the guardianship of the persons and estates of minors shall apply to the guardianship of the persons and estates of persons of unsound mind insofar as the same are applicable. (4) The application for an order appointing a guardian shows that the property belonging to Clyde Dickerson was community and not separate property.

■ In our opinion the application filed was sufficient to invoke the jurisdiction of

the County Court of Caldwell County, which was a court having general jurisdiction over the persons and estates of persons of unsound mind. Article 4102. It may be inferred from the application that Clyde Dickerson was over fourteen years of age, or over twenty-one years of age for that matter, and, further, that he was possessed of an estate of both real and personal property. The defects in the application and the deficiency in the amount of the bond required (if this inadequacy be conceded) were at most irregularities which would not render Julia Dickerson's appointment void in the sense that it would be wholly ineffective and subject to collateral attack. Thomas v. Pure Oil Co., Tex.Civ. App., 297 S.W. 776; Roberts v. Roberts, Tex.Civ.App., 165 S.W.2d 122.

The order appointing a guardian recited: "The Court finds that due and proper notice and citation has been had as required by law, for the time and in the manner required by law upon said C. Dickerson and all persons interested in said estate, and that service thereof has been had and completed for the time and manner required by law under and in such cases provided."

■ This recital must be accorded absolute verity when attacked collaterally. Pure Oil Co. v. Reese, 124 Tex. 476, 78 S. W.2d 932; Wright v. Matthews, Tex.Civ. App., 130 S.W.2d 413, 414.

■ We also overrule appellant's contention that the proceedings in Caldwell County, brought in accordance with the provisions of Title 69, styled Guardian and Ward, were invalid because community property was involved. This contention is based upon the proposition that the provisions of Chapter 27, Title 54, provide for an exclusive rather than a cumulative or alternative method of administration of the estate of a non compos mentis, applicable in cases where community property and minor children are involved (as is the case here), and a husband or wife desires to control or manage the estate. Appellant cites no authority to support his proposition, and we find nothing in the wording of the statutory enactments involved which would sustain this view. In our opinion, where control of community property is involved, and no guardianship of the person is desired, the husband or wife of a person of unsound mind may proceed in accordance with either the provisions of Chapter 27, Title 54, or the provisions of Title 69.

Having held that the proceedings of the County Court of Caldwell County are not void and are not subject to collateral attack in this action, it is unnecessary for us to discuss appellant's contention that Great American Indemnity Company is liable on the guardian's bonds as a common law obligation, as that contention is wholly based upon the theory that the guardianship proceedings were in law nullities.

Appellant's points disclose no reversible error and the judgment of the trial court is accordingly affirmed.