FITZGERALD et al. v. BONHAM et al.

No. 12370.

Court of Civil Appeals of Texas. Galveston.

Feb. 21, 1952.

Rehearing Denied March 27, 1952.

Ethan W. Bruce, Baytown, for appellants.

Vinson, Elkins & Weems, Houston, R. Richard Roberts, Houston, of counsel, for appellees J. Dan Schuhmann, Rehor F. Hlavinka, Joseph C. Hlavinka and Paul Valigura.

Bonham, Stanley & Campbell, Russel A. Bonham and Carson T. Campbell, Houston, for appellees Russel A. Bonham, Lucille R. Odom, individually and as guardian of the person and estate of Susan Ida Fitzgerald, and Austin R. Odom, husband of Lucille R. Odom, and Grace Tate, a feme sole.

Fulbright, Crooker, Freeman & Bates and Newton Gresham, Houston, for appellees American Bonding Co. and James J. Braniff, Jr.

GRAVES, Justice.

This proceeding, correctly numbered 12,-370 in this Court, but incorrectly styled "Susan Ida Fitzgerald et al., Appellants," when it should have been styled "J. E. McSweeney, Trustee, Etc., for Susan Ida Fitzgerald," is, so far as this Court is able to determine from the record filed here, an appeal by the appellant in his claimed capacities of "Trustee under a Declaration of Trust by Susan Ida Fitzgerald, and also Independent Executor and Trustee under The Last Will and Testament of Susan Ida Fitzgerald, Deceased," Appellant, against Russel A. Bonham, et al., appellees, from a judgment of the 23rd District Court of Wharton County, Honorable T. M. Gupton, Judge, presiding, reciting in its most material provisions this:

" * * * the court is of the opinion that each of the * * *" Defendants herein is entitled to a summary judgment against the appellant.

"It is accordingly ordered, adjudged and decreed that Plaintiff J. E. McSweeney, Independent Executor and Trustee of the Estate of Susan Ida Fitzgerald, Deceased, take nothing against defendants J. Dan Schuhmann, Rehor F. Hlavinka, Joseph C. Hlavinka, Paul Valigura, Russel A. Bonham, Grace Tate, personally and as legal representative of the estate of Paul J. Fahner, Deceased, Lucille R. Odom and her husband, Austin R. Odom, American Bonding Company, James J. Braniff * * *, Ingram Abstract Company, Union State Bank of East Bernard, Texas, Beverly D. King, and the County of Wharton, or any of them; and that said Plaintiff take nothing as to the title or possession of the following described tracts of land, towit:"

Such named defendants in the court below are now the appellees against the appellant here, as so named by the appellant in the appeal bond he filed in his capacities, as stated supra, and upon which he removed the cause now so at bar before this Court.

Wherefore, out of much confusion in the record, and some in the briefs filed in this Court on such appeal, the cause for determination here is solely one of whether or not the trial court erred in so severally granting the appellees' summary judgment against the appellant's claims against them below.

It, therefore, is a proceeding so had and limited to the application of Rule 166–A (a) & (c), Summary Judgment.

Wherefore, since there was no trial on the facts below, the appeal is here upon two transcripts from the court below, the one supplementary of the other, and certified copies of the deeds relating to the three tracts of land the appellant filed a claim in trespass-to-try-title for, which the trial court attached to the transcripts, as original exhibits thereto.

As such records show, the trial court's so-appealed-from judgment recites that, while the trial there began the 27th of July, 1951, such judgment by it was not entered until September 5, 1951.

After careful consideration of the whole cause, in the light of the briefs, oral arguments, authorities cited, and the record brought here by the appellant, it is determined that he had not shown any genuine issue as to a material fact looking to a recovery in his behalf, hence that the trial court committed no error-of-law in granting any of the motions for summary judgment, in behalf of any of the appellees.

Even the allegations of the appellant show that Mrs. Fitzgerald was a bedridden, weak, arthritic, and completely disabled woman of 87 years; she resided in Wharton County, and, after she had become a N. C. M., some of her kindred obtained a guardianship in the County Court of Wharton County, looking toward the care of herself and her property, the appellee, Lucille R. Odom, having been appointed as such guardian.

It is true that, during the existence of the guardianship, there were several sales of real estate belonging to the old lady, which were made by the guardian and deeded to different ones of the appellees, including the 3 tracts described in the trial court's judgment.

But nothing irregular, or unconscionable, appears upon the face of any of those proceedings, and no attack was made upon the considerations severally paid by such purchasers for any of such lands; nor does it appear that the full market-price therefor was not paid.

██ Indeed, appellant's whole cause of action appears to have been an attack—in this proceeding—upon the appointment by the Probate Court, of Wharton County, of a guardian to so care for and protect the interests of Mrs. Fitzgerald; and, as incidental thereto, to recover the 3 tracts of land so cleared of their claim by the trial court's judgment, as well as—all by the same stroke—to recover damages from the appellees, who so dealt with the guardian. It is held that no such conglomerate procedure is permissible, even under our system of blended law and equity.

Moreover, as the trial court further presumptively determined, the appellant wholly failed to show that the guardianship so set up and long maintained was void, not even attacking its existence directly in court.

In other words, this was simply an independent suit in the District Court to recover the land and the damages referred to, in which a collateral attack was made upon the proceedings in the County Court of Wharton County, where a guardian had been regularly appointed, and was still serving, for Susan Ida Fitzgerald.

It further appeared in the transcript brought here that the Probate Court's judgment, so appointing such guardian, was in due and regular form with nothing whatever appearing upon its face in derogation of its validity.

██ It is the settled law of Texas that such an order must be given absolute verity, when it is collaterally attacked. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Wright v. Matthews, Tex.Civ. App., 130 S.W.2d 413 (writ dismissed), judgment correct; Dickerson v. Dickerson, Tex.Civ.App., 167 S.W.2d 218 (writ refused); amended R.S. Article 4116, Vernon's Ann.Civ.St. art. 4116.

██ Neither is appellant's objection, that no jury-trial was had in the appointment of the guardian for Mrs. Fitzgerald, as a N. C. M., tenable. In the absence of a request for one, the County Court was fully empowered to make such an appointment, without a jury-trial. Bearden v. Texas Co., Tex.Com.App., 60 S.W.2d 1031; Hines, Administrator, v. Bevers, Tex.Civ. App., 105 S.W.2d 388 (writ dismissed); Henderson v. Shell Oil Co., 146 Tex. 467, 208 S.W.2d 863.

Wherefore, since appellant's cause—as an entirety—must stand or fall with his attack upon the validity of the guardianship so appointed by the County Court of Wharton County over the person and estate of Mrs. Fitzgerald, and since he has failed to show its invalidity, his appeal to this Court cannot be sustained. See McDonald's Texas Civil Practice, Vol. 4, Judgments, page 1379, par. 17.26, Summary Judgment, and foot-note cited authorities.

These conclusions require an affirmance of the judgment.

It will be so ordered.

Affirmed.