Christopher W. **MIMS**, Appellant,

v.

**HUNT COUNTY, Texas, Appellee.**

No. 05–84–00883–CV.

Court of Appeals of Texas, Dallas.

May 3, 1985.

Rehearing Denied June 11, 1985.

---

**4.** I take judicial notice that in *Patton* the commission also failed to reduce the order to writing within 30 days—such failure was assigned

as error in this court. *See Griffith v. Tipps*, 69 S.W.2d 846, 849 (Tex.Civ.App.—Dallas 1934, no writ).

ed guardianship proceeding. In a single point of error, Mims contends that the trial court erred in finding that Hunt County is not liable for his services to the mentally retarded person because he was retained by that person, not appointed by the court. We agree and, accordingly, reverse and render.

The cause was tried on a stipulation of the evidence. The sole issue presented before this court is whether a county's liability for attorney's fees under section 130G of the Texas Limited Guardianship Act[1] is limited to those fees incurred by court appointed attorneys. Section 130G as it existed prior to amendment provided:

> The person alleged to be mentally retarded shall be present at the hearing, unless the court determines that such personal appearance would not be in the person's best interest. *He is entitled to be represented by counsel. If he is unable to pay for counsel, the county is responsible for costs of counsel.* (Emphasis added).

The provision is clear and unambiguous. A mentally retarded individual is entitled to representation at a limited guardianship proceeding. If that person is unable to pay for counsel, the county is liable. The statute draws no distinction between court appointed and retained counsel, and we perceive none. The purpose is to protect the mentally retarded person, not the county. *See Petty v. Petty,* 592 S.W.2d 423 (Tex.Civ.App.—Dallas 1979, no writ). The only prerequisite to the county's liability is the client's inability to pay. The parties have stipulated the client's inability to pay in this case, and the court so found.

Hunt County contends that not limiting the recovery of attorney's fees to court appointed attorneys will expose the counties to unlimited liability to those attorneys who will actively seek out mentally retarded individuals as clients to generate fees. We disagree. The county is only liable if the client is unable to pay, and the fee

Christopher W. Mims, Dallas, pro se.

Joe M. Leonard, County Atty., Greenville, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

STEPHENS, Justice.

Christopher Mims appeals from an adverse judgment in which the trial court denied his claim for attorney's fees against Hunt County, Texas, for his representation of a mentally retarded individual in a limit-

---

1. TEX.PROB.CODE ANN. § 130G, added by Acts 1977, 65th Leg., p. 1171, ch. 449, § 1. Amended by Acts 1983, 68th Leg., p. 4110, ch. 647, § 1, eff. Sept. 1, 1983.

must be reasonable. Unreasonable fees may be challenged.

■ The parties have stipulated the amount of time Mims spent in representing his client and the reasonable fees he incurred. The record reflects that he has complied with TEX.REV.CIV.STAT.ANN. art. 1573 (Vernon 1962) by presenting his claim to the Commissioner's Court of Hunt County, and that the Commissioner's Court neglected or refused to audit and allow that claim. *See Mims v. Hunt County,* 620 S.W.2d 664, 665 (Tex.Civ.App.—Dallas 1981, no writ). We conclude that Mims is entitled to recover his reasonable attorney's fees of $4,595.89. We reverse the judgment of the trial court and render judgment in favor of Mims for that amount.