### In the GUARDIANSHIP OF B.A.G.

### No. 13–89–438–CV.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1990.

Juan Martinez Gonzales, Beeville, for appellant.

Marion E. Williams, Jr., Jose L. Aliseda, Jr., County Atty., Beeville, Edel P. Ruiseco and Ricardo J. Garza, Tex. Dept. of Human Services, Edinburg, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Earnest Earl and Antonia Ofelia Greening appeal the county court's appointment of Kathlene Thompson, an uninterested individual, as guardian of the estate and person of their daughter, B.A.G. Appellants bring four points of error. We reverse the judgment of the trial court and remand the cause for new trial.

B.A.G. is a nineteen-year-old female who is classified as mentally retarded. After she reached her majority, appellants petitioned in the County Court of Bee County for appointment as B.A.G.'s limited guardians for the purpose of receiving all funds or money due B.A.G. from any governmental source or agency. *See* Tex.Prob.Code Ann. § 130C (Vernon Supp.1990). A public Notice in Guardianship was posted and returned by the Bee County Sheriff's office.

The Texas Department of Human Services contested appellant's application, alleging that appellants physically abused B.A.G. At a temporary guardianship hearing, the trial court found B.A.G. to be incompetent (not merely incapacitated as required under Section 130A(b) of the Texas Probate Code) and appointed Kathlene Thompson as the temporary guardian over B.A.G.'s person and her estate. B.A.G. was not represented by counsel nor was she present at the hearing. Seventeen days later, the trial court appointed an attorney ad litem to represent B.A.G.'s interests.

When the temporary order expired, the trial court held a second temporary guardianship hearing. B.A.G.'s attorney ad litem represented her interests at the hearing. The court reappointed Thompson as B.A.G.'s temporary guardian until the final hearing could be held.

B.A.G. was not present at the final guardianship hearing, although her attorney ad litem represented her interests. Pursuant to the evidence adduced at the hearing, the trial court made many findings of fact and conclusions of law. The court stated in those findings and conclusions that B.A.G. was nineteen years old, a resident of Bee County (therefore the court had venue over the case) and mentally retarded to the point of being a non compos mentis. The court also found that B.A.G. was a patient at Wilford Hall Medical Center in San Antonio, Texas, and was suffering from severe psychological and physical problems that needed intensive medical care and that her physicians were recommending institutional-type care. The Court found and concluded that it was in B.A.G.'s best interest to disqualify appellants as B.A.G.'s guardians and to appoint Kathlene Thompson as B.A.G.'s guardian. *See* Tex. Prob.Code Ann. § 130H(b) (Vernon Supp. 1990).

Appellants argue that the trial court erred in determining the guardianship because it did not have jurisdiction over B.A.G. Specifically, appellants point out that B.A.G. did not personally receive service of process. The State argues that appellants cannot assert jurisdictional error because appellants bore the responsibility for serving B.A.G. with process and failed to do so.

A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex.1985). A void judgment is one entirely null within itself, and which is not susceptible of ratification or confirmation, and its nullity cannot be waived. *Easterline v. Bean,* 121 Tex. 327, 49 S.W.2d 427, 429 (1932); *American Universal Ins. Co. v. D.B. & B., Inc.,* 725 S.W.2d 764, 766 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.). Furthermore, if a court has not acquired jurisdiction of **both** the parties and the subject

matter of the litigation, the judgment is void and is subject to both direct and collateral attack. *Browning,* 698 S.W.2d at 363; *Martin v. Sheppard,* 145 Tex. 639, 201 S.W.2d 810, 812 (1947); *American Universal Ins.,* 725 S.W.2d at 766. Therefore, appellants may collaterally attack the trial court's judgment if the trial court lacked complete jurisdiction over the parties.

■ Petitioners in limited guardianship proceedings must establish the trial court's jurisdiction over the alleged incapacitated individual by following the notice and service of citation provisions of Section 130E of the Texas Probate Code. This section states:

> (a) On the filing of an application for appointment of a limited guardian, the clerk shall issue a notice setting forth that the application has been filed for the limited guardianship, the name of the person for whom the guardian is sought and the nature of the incapacity, and by whom the application is made. The notice shall cite all persons interested in the welfare of that person to appear at the time and place stated in the notice and contest the application, if they so desire.
>
> (b) *The allegedly incapacitated person and his parents,* if the parents can be found within this state, or the conservator or any person having control of the care and welfare of the allegedly incapacitated person <u>shall be personally served with citation</u> to appear and answer the application for the appointment of a limited guardian. *Notwithstanding the foregoing, all persons then living who stand in the first degree of consanguinity or affinity to the allegedly incapacitated person shall be given notice if* their whereabouts are known or can be reasonably ascertained.

Tex.Prob.Code Ann. § 130E (Vernon Supp. 1990) (emphasis added).

■ We construe Section 130E(b) to mean that the allegedly incapacitated person must be served in all cases and that the parents or conservator must be personally served with citation in all cases in which that person, persons or entity was not also the petitioner for the limited guardianship.

The allegedly incapacitated person's then-living relatives of the first degree must also be notified of the limited guardianship application.

In *Petty v. Petty,* 592 S.W.2d 423 (Tex. Civ.App.—Dallas 1979, no writ), a mentally retarded adult appealed the appointment of a limited guardian over his person and estate alleging lack of personal service of process and that his waiver of right to counsel was not knowing and voluntary. Although the appellant attended the hearing in which the trial court appointed appellant's parents as his limited guardians, he was not personally served with process and did not have an attorney representing his interests until after this hearing.

The Dallas Court of Appeals stated that a limited guardianship hearing had the potential of depriving the subject individual of all of his rights to manage his own person and property and thus the subject individual should be afforded protections commensurate with such potential deprivation. The Court held that when an action was brought under the Limited Guardianship Act, the subject individual of that action may not waive any right before consulting with an attorney. The Court also held that a trial court might only find that the subject individual made a knowing and voluntary appearance in open court thus waiving his right to personal service of process only after the subject individual had consulted with his attorney.

The facts of the instant case are similar to those in *Petty.* The record shows that appellants never personally served B.A.G. with process nor did they notify her brothers and any other living relatives in the first degree of the guardianship hearing. Furthermore, B.A.G. was not present nor was she represented by counsel at the first temporary guardianship hearing where the trial court found her to be incompetent and appointed Kathlene Thompson as her temporary guardian.

■ Section 130G(a) of the Texas Probate Code provides:

> The person alleged to be incapacitated shall be present at the hearing, unless

the court determines that such personal appearance would not be in the person's best interest. He is entitled to be represented by counsel....

Tex. Prob.Code Ann. § 130G(a) (Vernon Supp.1990). Although Section 130G(a) does not specifically require that the alleged incapacitated person make a personal appearance at a temporary guardianship hearing, we hold that the allegedly incapacitated person must appear because that person's rights are being limited, even if for a short period of time.

The trial court did not determine that it would not be in B.A.G.'s best interest to allow her to not make a personal appearance at any of the hearings at which the responsibility for the care of her person and her estate were given to Thompson. B.A.G.'s failure to personally appear and the trial court's failure to determine that her appearance should be waived violated Section 130G(a). Finally, appellants' failure to give B.A.G. notice of their petition and the opportunity to defend her interests at the first temporary guardianship hearing which deprived her of her right to manage her property and person, effectively violated B.A.G.'s due process rights. Although appellants would not ordinarily be able to assert error in a judgment which affects the rights of their adult daughter, the failure to appear or have representation by counsel at a hearing appointing a guardian is fundamental error.

■ Appellants failed to properly notify B.A.G.'s relatives as required by statute. B.A.G. did not appear at any of the hearings nor did the trial court determine that her appearance should be waived in violation of Section 130G(a) of the Probate Code. More importantly, because B.A.G. did not receive personal service, appellants failed to effect proper and complete service sufficient to invoke the trial court's jurisdiction. Because B.A.G. did not consult with counsel prior to the first temporary guardianship hearing, she did not make a knowing and voluntary waiver of personal service of process and her due process rights were violated. Thus, the court lacked personal jurisdiction over B.A.G.

and all of its actions regarding her guardianship are void. *Petty*, 592 S.W.2d at 426; Tex.R.Civ.P. 124. As a result, this court must reverse the trial court's order and remand for a new trial.

■ An issue which appellants raise, and which they will likely raise again on remand, is that the trial court had no jurisdiction over B.A.G. because, at the time of the guardianship hearing, she was a resident of Wilford Hall Hospital, Bexar County, Texas. In the interest of judicial economy, we will address this issue.

Appellant's argument is without merit. This argument concerns a venue issue, and not a jurisdiction issue. The court exercising original probate jurisdiction of the county having venue may appoint limited guardians for incapacitated persons. Tex. Prob.Code Ann. § 130B(a) (Vernon Supp. 1990). Venue in limited guardianship cases is governed by Section 130N of the Texas Probate Code which states:

A proceeding for the appointment of an incapacitated person shall begin in the county where the incapacitated person resides or is located on the date the petition is filed, or where his principal estate is situated.

Tex.Prob.Code Ann. § 130N (Vernon Supp. 1990). Although a person can have more than one residence for venue purposes, the trial court must determine that the alleged residence is (a) a fixed place of abode within the incapacitated person's possession, (b) the incapacitated person occupies or intends to occupy the abode consistently over a substantial period of time, and (c) the abode is permanent rather than temporary. *Petty*, 592 S.W.2d at 427.

Appellants alleged in their petition for appointment as limited guardians that B.A.G. currently resided with her parents at 606 Stephenson Street, Beeville, Texas, and that they expected her to continue to reside there for the indefinite future. Appellants also alleged that her bank account and personal belongings which comprised her principal estate were located at a Beeville bank and at her residence. Appellants did not allege that B.A.G. also resided at Wilford Hall Hospital and the facts by

which to satisfy the second residence elements stated above. The allegations set forth in the petition constituted a judicial admission by appellants and cannot be collaterally attacked on appeal. Furthermore, because the Texas Department of Human Services did not object and allege improper venue prior to filing its contest to the proceedings, the venue issue is waived. *See* Tex.R.Civ.P. 86(1). The trial court did not err when it stated in its findings of fact and conclusions of law that B.A.G. was a resident of Bee County; therefore, its county court had jurisdiction over the limited guardianship proceedings.

The judgment of the county court is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.