

# NUMBER 13-08-00682-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE CONSUELO VILLARREAL CANTU

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Rodriguez

Through this petition for writ of mandamus, relator, Consuelo Villarreal Cantú, contends that the trial court failed to satisfy "the mandatory and jurisdictional notice requirements of the Texas Probate Code" because it held an initial guardianship hearing and appointed a temporary guardian "without giving the proposed ward prior notice as required by section 875 of the Texas Probate Code." *See* TEX. PROB. CODE ANN. § 875 (Vernon Supp. 2008). We deny the petition for writ of mandamus.

## I.  Standard of Review

Generally, mandamus relief is available only to correct a clear abuse of discretion when there is no adequate remedy by appeal.  *In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).  Mandamus will also lie to correct a void order, that is, an order the trial court had no power or jurisdiction to render.  *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986) (orig. proceeding).  When the trial court's order is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal.  *Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.–San Antonio 2004, orig. proceeding).

## II.  Background

This original proceeding arises from a guardianship proceeding initiated by Raquel Villarreal Cantú, one of the seven adult children of the proposed ward, Raquel Cantú de Villarreal ("Doña Raquel").[1]  On June 20, 2007, Raquel filed an "Application for Appointment of Temporary Guardian of the Person and Estate of Raquel Cantú de Villarreal and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction," through which she asked, inter alia, to be appointed as temporary guardian for Doña Raquel.  The trial court set the matter for hearing that afternoon at 1:30

---

[1] Doña Raquel's seven children are as follows:  Consuelo Villarreal Cantú, Raquel Villarreal Cantú, Marcelo Villarreal Cantú, Carlos Villarreal Cantú, Ignacio Villarreal Cantú, Fernando Villarreal Cantú, and Martha Guadalupe Villarreal Cantú.

p.m. and appointed Noe Garza as attorney ad litem for Doña Raquel. Garza met with Doña Raquel before the hearing for a period of time in excess of an hour.

The hearing commenced at 1:30 p.m. with appearances by counsel for Raquel; counsel for Ignacio, Martha, Consuelo, and Fernando; Doña Raquel's attorney ad litem; and local counsel appearing on behalf of Doña Raquel's attorney in Mexico. The record reflects that Doña Raquel was personally served with a copy of the application at 3:45 p.m. that afternoon. That same day, the trial court appointed Raquel as temporary guardian of Doña Raquel.

The hearing on the application resumed the following day. Ignacio filed a counter-petition seeking temporary guardianship of his mother. The hearing continued on June 25, and, according to the reporter's record, Doña Raquel was present in the courtroom. On July 15, the trial court appointed Raquel as temporary guardian over the person of Doña Raquel and appointed Jaime Deitz as temporary guardian of Doña Raquel's estate. Subsequently, by settlement agreement incorporated into a final judgment, Ignacio was appointed permanent guardian over the person of Doña Raquel. Subsequent to that, following a jury trial, Ignacio was removed as his mother's permanent guardian and was replaced by Raquel.[2]

---

[2] The jury found, inter alia, that Ignacio: failed to return accounts or reports that were required by law; failed to obey court orders with respect to the performance of his duties as guardian; neglected to maintain Doña Raquel as liberally as her means and the condition of her estate permitted; was guilty of gross misconduct or mismanagement in the performance of his duties as guardian; was indebted to Doña Raquel; was asserting a claim adverse to Doña Raquel; and was incapable of properly and prudently managing and controlling Doña Raquel. The jury further found that Rachel was duly qualified to serve as Doña Raquel's guardian. The trial court entered judgment on this verdict, removing Ignacio as Doña Raquel's permanent guardian and appointing Rachel in his place.

Consuelo brought this original proceeding contending that the trial court's jurisdiction over Doña Raquel was never properly invoked, and thus all orders in the guardianship proceeding are void.[3] The Court requested and received a response to the petition for writ of mandamus from the real parties in interest, and further received a reply thereto from the relator.

## III. Analysis

Relator asserts that "[a]lthough Doña Raquel was neither given prior notice of nor appeared at the guardianship hearing, the trial court signed an order appointing Raquel Villarreal Cantú as temporary guardian of Doña Raquel's person and estate." Relator's contentions are premised on section 875(e) of the Texas Probate Code. *See* TEX. PROB. CODE ANN. § 875(e). Under the probate code, a respondent in a temporary guardianship proceeding must be served with notice before a hearing is held on the application for temporary guardianship and a temporary guardian is appointed. *See id.* Section 875(e) states that:

> On the filing of an application for temporary guardianship, the clerk shall issue notice that shall be served on the respondent, the respondent's appointed attorney, and the proposed temporary guardian named in the application, if that person is not the applicant. The notice must describe the rights of the parties and the date, time, place, purpose, and possible consequences of a hearing on the application. A copy of the application must be attached to the notice.

---

[3] It is anomalous that the petition for writ of mandamus alleging a failure of notice or defective notice to Doña Raquel was filed not by Doña Raquel, her attorneys, or her ad litem, but was instead filed by one of her children, who had, incidentally, agreed with the necessity for the appointment of a temporary guardian. Because the mandamus record and briefing is not complete in this regard and because we will be denying the petition based on the erroneous nature of relator's complaints, we need not further explore this issue herein. *See* TEX. R. APP. P. 47.1.

*See id.* The respondent in a temporary guardianship proceeding is entitled to receive prior notice of the hearing on the application, to be present at the hearing, to present evidence, to confront and cross-examine witnesses, and to be represented by counsel. *See id.* § 875 (f)(1)(A)-(D). A person for whom a temporary guardian is appointed "may not be presumed to be incapacitated." *Id*. § 874.

A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction of either the parties or the subject matter of the lawsuit. *See In re Mask*, 198 S.W.3d 231, 235 (Tex. App.–San Antonio 2006, orig. proceeding); *In re Bokeloh*, 21 S.W.3d 784, 794 (Tex. App.–Houston [14th Dist.] 2000, orig. proceeding). For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules. *Perry v. Ponder*, 604 S.W.2d 306, 322 (Tex. Civ. App.–Dallas 1980, no writ). Generally, a trial court does not have jurisdiction to enter a judgment or order against a respondent unless the record shows proper service of citation on the respondent, or an appearance by the respondent, or a written memorandum of waiver at the time the judgment or order was entered. TEX. R. CIV. P. 124; *Werner v. Colwell*, 909 S.W.2d 866, 869-70 (Tex. 1995); *Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 920 (Tex. App.–Corpus Christi 2003, no pet.). If a trial court enters a judgment before it acquires jurisdiction of the parties, the judgment is void. *Mask*, 198 S.W.3d at 235; *In re B.A.G.*, 794 S.W.2d 510, 511-12 (Tex. App.–Corpus Christi 1990, no writ) (citing *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985)).

Here, the record shows that the trial court sent notice of the hearing by facsimile to Joe Williams, who appeared at the hearing on behalf of Doña Raquel's Mexican counsel.

5

Doña Raquel's ad litem, who had met with her prior to the hearing, appeared at the hearing on her behalf. Based on the record, Doña Raquel was present for some, if not all, of the proceedings attendant to the hearing. Doña Raquel was personally served with the application shortly after the hearing began. The trial court's first order appointing Raquel as temporary guardian was not entered until after Doña Raquel was personally served with the application.

Under these circumstances, we conclude that the trial court had acquired jurisdiction over Doña Raquel at the time it signed the order appointing Raquel as her temporary guardian, and thus the order appointing Raquel as temporary guardian is not void. *Cf. In re B.A.G.*, 794 S.W.2d at 511-12 (concluding that the trial court lacked jurisdiction and its actions were void when the allegedly incapacitated respondent did not receive personal service under the former guardianship statute); *Ortiz v. Gutierrez*, 792 S.W.2d 118, 119 (Tex. App.–San Antonio 1989, writ denied) (holding that the personal service requirement under the former guardianship statute was jurisdictional, and therefore, the trial court properly dismissed a guardianship proceeding when the proposed ward had not been personally served). Having found that the trial court's jurisdiction was properly invoked, we need not further address Consuelo's issues herein. *See* TEX. R. APP. P. 47.1, 52.8(d).[4]

### V. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the reply, is of the opinion that relator has not shown herself

---

[4] We note that the parties did not raise or brief an issue regarding whether or not the trial court's order appointing a temporary guardian was rendered moot when the trial court appointed a permanent guardian for Doña Raquel. *Cf. In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.–Texarkana 2006, no pet.) (noting that issues pertaining to the removal of a temporary guardian would be rendered upon the proper appointment of a permanent guardian). Accordingly, we do not address this issue herein.

entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See id.* 52.8(a). The motion for temporary relief and sanctions, previously filed by appellees, is DENIED. Appellees' motion to consolidate and dismiss, as it pertains to this cause, is likewise DENIED, as is their motion for oral argument.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 2nd day of April, 2009.