

## NUMBER 13-22-00347-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

COMACK INVESTMENT, L.P.,                                              Appellant,

v.

M.A.R. DESIGNS & CONSTRUCTION, INC.,                        Appellee.

On appeal from the 93rd District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Benavides**

In this interlocutory appeal from the denial of a motion to dissolve a temporary injunction, appellant Comack Investment, L.P. argues that the order granting a temporary injunction in favor of appellee M.A.R. Designs & Construction, Inc. is void because it failed to include a trial setting or fix a bond amount. We reverse and remand.

# I.  BACKGROUND

This case involves a real estate lending dispute. Comack agreed to lend money to M.A.R. for the purpose of purchasing and developing residential real estate. Consequently, M.A.R. executed several promissory notes in favor of Comack, and each note was secured by a deed of trust. M.A.R. allegedly defaulted on the loans, and Comack initiated nonjudicial foreclosure sales under the deeds.

M.A.R. filed seven separate suits, each seeking emergency, temporary, and permanent injunctive relief from foreclosure under a particular deed of trust. The suits were subsequently consolidated into Case No. C-1263-21-B before the 93rd District Court. Before the suits were consolidated, though, each district court granted M.A.R. an ex parte temporary restraining order prohibiting Comack from foreclosing on the relevant properties and required M.A.R. to post a bond that ranged from $100 to $500, collectively totaling $2,700.

M.A.R.'s consolidated request for a temporary injunction was heard by the 93rd District Court. In an April 12, 2021 letter ruling, the trial court informed the parties that it "hereby grants the temporary injunction, bonds are to remain as they are[,] and a trial is set for June 21, 2021 at 10:00 a.m." The trial court also instructed counsel for M.A.R. to "prepare the appropriate Order." On April 23, 2021, the trial court signed an "Order Granting Temporary Injunction," which was prepared by M.A.R.'s counsel. Unlike the letter ruling, the order does not provide a trial setting or fix a bond amount.

On February 8, 2022, Comack filed a motion to dissolve the temporary injunction, arguing, among other things, that the order granting the temporary injunction is void for

failing to set a trial date or fix a bond amount. *See* TEX. R. CIV. P. 683, 684. During the hearing, M.A.R. did not dispute that the order was defective but instead argued that Comack had waived any error by failing to seek a timely interlocutory appeal from the temporary injunction. The trial court denied the motion, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

## II.     STANDARD OF REVIEW

We review a trial court's decision to grant or deny a motion to dissolve a temporary injunction for an abuse of discretion. *Stewart Beach Condo. Homeowners Ass'n, Inc. v. Gili N Prop Invs., LLC*, 481 S.W.3d 336, 342–43 (Tex. App.—Houston [1st Dist.] 2015, no pet.). Although a trial court has broad discretion in denying or granting such a motion, a clear failure to correctly analyze or apply the law constitutes an abuse of discretion. *Id.*

## III.     ANALYSIS

By one issue, Comack contends that the trial court abused its discretion by refusing to declare the temporary injunction order void and dissolve the injunction because the order is fatally defective for failing to include a trial date or fix a bond amount.[1] We agree.

"Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." TEX. R. CIV. P. 683. Additionally, "the court shall fix the amount of security to be given by the applicant." *Id.* R. 684. These procedural requirements are mandatory, and an order granting a temporary injunction that does not meet these requirements is "subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per

---

[1] M.A.R. has not filed a brief to assist in the disposition of this appeal.

curiam); *Sargeant v. Al Saleh*, 512 S.W.3d 399, 408 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *see In re Off. of Att'y Gen.*, 257 S.W.3d 695, 697 (Tex. 2008) (orig. proceeding) (discussing the requirements of Rules 683 and 684 in the context of temporary restraining orders and stating that "[o]rders that fail to fulfill these requirements are void"). Here, the order granting M.A.R. a temporary injunction failed to satisfy either requirement and is thus void. *See Qwest*, 24 S.W.3d at 337; *Al Saleh*, 512 S.W.3d at 408.

M.A.R.'s contention below—that Comack waived this error because it failed to perfect an appeal from the temporary injunction order—was without merit. Some of our sister courts have rejected this very argument, and we agree with them for at least two reasons: (1) because the temporary injunction order was void, not merely voidable, it was not subject to waiver; and (2) the statute governing interlocutory appeals expressly authorizes an appeal from an order denying a motion to dissolve, and these motions have been historically used to challenge temporary injunction orders for voidness.

As our sister court explains, in *Qwest*, the Supreme Court of Texas "clearly states that unless a temporary injunction complies with both rules 683 and 684, it is void." *In re Garza*, 126 S.W.3d 268, 273 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]) (examining *Qwest*, 24 S.W.3d at 337). Unlike a voidable order, "[a] void order is not subject to ratification, confirmation, or waiver." *In re Mask*, 198 S.W.3d 231, 235 (Tex. App.—San Antonio 2006, orig. proceeding) (citing *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex. App.—Corpus Christi–Edinburg 1990, no writ)); *see, e.g., Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam) ("Pak was under no obligation to object to the trial court's void actions.").

4

Because a void order is not subject to waiver, Comack had two options to attack the temporary injunction order. It could have appealed the temporary injunction and raised voidness for the first time on direct appeal. *See Pak*, 519 S.W.3d at 137 ("Void orders are not waivable on direct appeal."). Or, as it did here, it could present this argument first to the trial court in a motion to dissolve and then ask us to review the trial court's decision. *See Stewart Beach*, 481 S.W.3d at 344 (rejecting argument that appellant waived voidness challenge by failing to directly appeal from a temporary injunction order and finding that the trial court abused its discretion in denying motion to dissolve); *In re Garza*, 126 S.W.3d at 272–73 (same); *see also Tex. Wrecker Serv. v. Resendez*, Nos. 13-16-00515-CV, 12-16-00698-CV, 2017 WL 711642, at *1–2, 4–5 (Tex. App.—Corpus Christi–Edinburg Feb. 23, 2017, no pet.) (mem. op.) (holding a temporary injunction order was void even though the motion to dissolve was filed nine years later).

This conclusion is also supported by the structure of § 51.014(a)(4), which expressly contemplates an appeal from either an order that "grants or refuses a temporary injunction" or one that "grants or overrules a motion to dissolve a temporary injunction." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). And although a motion to dissolve may be premised on a change in circumstances, it is also commonly used to challenge a temporary injunction order for voidness. *See, e.g.*, *Conlin v. Haun*, 419 S.W.3d 682, 687 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding that the trial court abused its discretion by denying a motion to dissolve because the temporary injunction order failed to comply with Rule 683); *see also Reiss v. Hanson*, No. 05-18-00923-CV, 2019 WL 1760360, at *2 (Tex. App.—Dallas Apr. 22, 2019, no pet.) (mem. op.) (same); *IPSecure,*

5

*Inc. v. Carrales*, No. 04-16-00005-CV, 2016 WL 3342108, at \*2 (Tex. App.—San Antonio June 15, 2016, no pet.) (mem. op.) (same); *Resendez*, 2017 WL 711642, at \*4–5 (same). Underlying each of these opinions, including our own, is a threshold conclusion—that the question being presented has been preserved for review. We have seen nothing in our review of the case law that would upend those conclusions.

Therefore, we hold that the trial court abused its discretion by denying Comack's motion to dissolve. Comack's issue is sustained.

## IV. CONCLUSION

We reverse the trial court's order denying Comack's motion to dissolve and remand with instructions to the trial court to dissolve the temporary injunction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
6th day of April, 2023.