Adelaide W. SUBLETT, Appellant,

v.

Katherine S. BLACK, Appellee.

No. A2512.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

May 27, 1981.

Rehearing Denied July 1, 1981.

Larry Dowling, Dowling & Wilson, Austin, for appellant.

William A. Tillman, Tillman, Pribilski & Hunt, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from an equitable bill of review dismissed by the probate court upon granting respondent's plea in bar.

On September 2, 1977, Katherine S. Black (Katherine), respondent below, filed an application for guardianship requesting her mother be declared mentally incompetent and Katherine be appointed guardian of the person and estate of her mother, Adelaide W. Sublett (Adelaide), petitioner below. Adelaide received personal service of citation on September 13, 1977. The citation was filed on September 26, 1977. It directed Adelaide to appear before the probate court "on or before 10 o'clock a. m., of the next Monday after the expiration of 10 days after the date of service hereof...." Citation was also posted from September 6, 1977 to September 19, 1977, which citation was filed on September 15, 1977. A hearing was held on September 20, 1977, as scheduled in the posted citation. Adelaide did not appear at the hearing. The probate court adjudged her *non compos mentis* and appointed Katherine guardian of Adelaide and her estate. The court's order recited "that due notice of the said application has been given as required by law ..." and

"that this court has venue and jurisdiction of the proceedings and subject matter and of all persons . . . ." On December 15, 1977, Katherine filed an application to sell Adelaide's real estate located at 7815 Richmond, to pay guardianship expenses and debts. On January 5, 1977, the probate court ordered the lot sold for $54,250.00 in cash.

Adelaide filed a petition for bill of review in the probate court on August 21, 1979, alleging the order was "wholly void," because Adelaide had not been properly served and notified, and requesting the judgment be set aside. Katherine filed a plea in bar contending that, because Adelaide had failed to join all necessary parties, her bill of review was a collateral attack in which the recitals of due notice in the court's order were conclusive.

The probate court sustained Katherine's plea in bar and dismissed Adelaide's petition. Adelaide filed motions for new trial and for leave to amend her pleadings and join new parties. The following day, the court filed its findings of fact and conclusions of law. It found citation was posted. It concluded Adelaide's bill of review collaterally attacked the guardianship order, and, in such an attack, the jurisdictional recitals of the order foreclosed inquiry into the sufficiency of notice.

Adelaide cites as error (1) the court's refusal to declare the guardianship order void because personal service was required and judgment was entered before the appearance day had arrived and/or because the posted citation had not been on file the required length of time; (2) the court's holding that Adelaide's bill of review was a collateral attack; and (3) the court's denial of the motion to amend and join additional parties.

■ In response to Adelaide's allegation of non-compliance with pertinent notice rules, Katherine contends that, while a bill of review is ordinarily a direct attack, it becomes a collateral attack when its purpose is to void a judgment or order of the court and all parties who may in any way be affected by the outcome of the suit are not joined. She further contends that in a collateral attack plain jurisdictional recitals on the face of the judgment must be accorded absolute verity, thereby precluding the due notice issue. She relies on *Pure Oil Company v. Reece*, 124 Tex. 476, 78 S.W.2d 932, 934 (1935); *Wright v. Matthews*, 130 S.W.2d 413 (Tex.Civ.App.—San Antonio 1939, writ dism'd, judgmt corr.); *Cheney v. Norton*, 168 S.W.2d 697, 698 (Tex.Civ.App.—Dallas 1943, no writ); and *Fitzgerald v. Bonham*, 247 S.W.2d 265, 267 (Tex.Civ.App.—Galveston 1952, writ ref'd n. r. e.). The rule in these cases is grounded in the public policy of protecting property rights. It developed in order to properly accommodate two competing rules. The first voids a judgment entered by a court without jurisdiction over the person of the defendant or the subject matter of the litigation at the time of rendition. The second precludes inquiry, by evidence outside the record in a collateral attack upon a judgment which is regular on its face and rendered by a court of general jurisdiction, into any fact upon which the court rendering such judgment must have passed in proceeding to its rendition. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895).

We adhere to the principles announced in these cases, cited by Katherine. However, we draw a distinction between review of the *status* of a person declared incompetent and review of the validity of *conveyances or other acts* of a personal representative of that person. It is one thing to adopt a rule tending to establish validity and verity of acts involving third parties and quite another to forbid attacks upon the validity of the determination of an inferior status; to accord verity to recitals in judgments upon which others may rely in dealing with personal representatives may be justified. It is something else to prevent the challenge of a finding of incompetence of one who has not been accorded the due process established by the statutes for their protection.

Appellant Adelaide seeks by her bill of review *only* to attack the finding of incompetence. In her pleadings she sought no nullification of any subsequent acts of the guardian. She did not attack the sale of

the property. On this appeal she disavows any intention, either directly or indirectly, of challenging or questioning the validity of the sale.

Appellee Katherine asserts, regardless of the limitation of the relief sought, that to permit a challenge to the underlying status of the appellant would bring into question subsequent acts, sales and transactions of the guardian. We find ourselves in disagreement with this contention. In cases involving third party property rights or liability, the cases cited by appellee establish: (1) proceedings adopting the form of a direct attack are considered to be collateral, at best, if all the parties affected thereby are not before the court; (2) if a judgment is collaterally attacked, jurisdictional recitals are accorded absolute verity; (3) in order to protect property rights, public policy requires the application of a rule which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment and therefore, for all practical purposes, the judgment is held valid; (4) in the event one seeks to attack a conveyance by the guardian on the grounds of fraud or other equitable basis, it is essential that the proceeding be one in which all affected parties are before the court so that the court has full power to adjust the equities of the parties litigant.

Giving full effect to these principles does not deprive the court of jurisdiction to entertain appellant's direct attack on the court's order declaring the status of Adelaide to be that of a mentally incompetent. Personal service of Adelaide was required. Tex.Prob.Code Ann., § 130(c), (d) (Vernon 1980). Notice was also required to be posted. Tex.Prob.Code Ann., § 130(b) (Vernon 1980). However, posted notice did not fulfill the statutory requirement of personal service. Tex.Prob.Code Ann., §§ 33, 130 (Vernon 1980). The appearance day scheduled in the citation controlled because it met the minimum time requirements. Tex.Prob.Code Ann. §§ 33(a), (c), (f)(1), 130 (Vernon 1980); see Tex.R.Civ.P. 101, 237. Default judgment could not be entered before Adelaide was required to answer if she had not previously answered, or before the return of citation had been on file the required length of time. Tex.R.Civ.P. 107, 239. No judgment could be rendered against Adelaide unless she had been properly served or had waived such process. Tex.R.Civ.P. 121–23, 239. Absent a waiver of process, default judgment entered before expiration of the minimum time for answer is subject to attack. *Ramirez v. Ramirez*, 554 S.W.2d 253 (Tex.Civ.App.—El Paso, 1977, writ dism'd).

We need not consider the joinder issue. The probate court's order dismissing Adelaide's equitable bill of review attack on her status as a mentally incompetent is reversed and the cause remanded for further proceedings in accordance herewith.

Reversed and remanded.