Mary Alice DYER, et al., Appellants,

v.

John J. WALL, Jr., et al., Appellees.

No. 2629cv.

Court of Appeals of Texas,
Corpus Christi.

Sept. 16, 1982.

Frank Lynch, pro se.

Houston Munson, Gonzales, for appellee.

Shirley Selz, Gary, Thomasson, Hall & Marks, Corpus Christi, for appellants.

Richard Leshin and Todd Hunter, Kleberg, Dyer, Redford & Weil, J.R. Keeling, Corpus Christi, for appellees.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This case is before us on writ of error from an order declaring Mrs. Frank Leone Johnson Bryant to be a person of unsound mind, and appointing her great nephew, appellee Wall, as guardian of her person, and appellee Corpus Christi National Bank as guardian of her estate. Appellants are the niece and nephew of Mrs. Bryant's deceased husband who, in their first point of error, contend that the trial court was without jurisdiction over the person of Mrs. Bryant, and that its order is therefore void. We agree.

Application for appointment of a guardian for Mrs. Bryant was made by appellee Wall on September 18, 1981. On September 21, 1981, Mrs. Bryant signed a waiver of service. A hearing was had on October 9, 1981, and on October 12th the order appointing appellees as Mrs. Bryant's guardians was signed, together with an order appointing an attorney ad litem for Mrs. Bryant.

Section 130(c) of our Probate Code provides:

"Service of citation. Except as hereinafter provided, minors who have attained the age of fourteen years, persons alleged to be of unsound mind or habitual drunkards, and persons for whom it is alleged to be necessary to have a guardian appointed to receive funds from any governmental source or agency *shall* be personally served with citation to appear and answer the application for the appointment of a guardian." (Vernon's 1980). (Emphasis supplied.)

The exceptions referred to in that section are those applicable to minors over the age of fourteen who have waived personal service, or those for whom guardians are sought who have already been adjudged by a court of competent jurisdiction to be of unsound mind, or habitual drunkards. Tex. Prob.Code Ann. § 130(d).

It is not alleged, nor does it appear, that Mrs. Bryant falls within one of the exceptions enumerated in § 130(d). Rather, it is the contention of appellees that her signed waiver of service sufficed to give the trial court jurisdiction. In support thereof, reliance is had upon § 35 of the Probate Code which reads, in pertinent part:

"Any person *legally competent* who is interested in any hearing in a proceeding in probate may, in person or by attorney, waive in writing notice of such a hearing." (Emphasis supplied.)

The Probate Code does not define what a "legally competent" person is, but we believe the phrase to be the antithesis of "incompetent person" which is defined as:

"[P]ersons non compos mentis, idiots, lunatics, insane persons, common or habitual drunkards, or other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs." Tex.Prob.Code Ann. § 3(p).

Thus, the waiver of notice provision in § 35 applies to those who are not "incompetent persons." Section 130(c) requires personal service upon those of "unsound mind." That term carries the identical definition as does "incompetent person," absent the reference to "common or habitual drunkards." Compare Tex.Prob.Code Ann. § 3(p) with § 3(y). For our purposes, then, the terms "incompetent person" and "persons of unsound mind" can be used interchangeably.

◼ With this in mind we view what must be considered as the basis of appellees' position: that Mrs. Bryant, who they alleged on September 18, 1981 to be incompetent, was competent so as to waive personal service of citation on September 21, 1981, and then incompetent on October 9th when the hearing on the subject was held. Such does violence to the protection to those *alleged* to be incompetent afforded by § 130(c) of the Probate Code. Not having personally served Mrs. Bryant as required,

the court had no jurisdiction over her, and its actions in relation to her are void. Rule 124, T.R.C.P.; *Dodd v. Twin City Fire Insurance Co.,* 545 S.W.2d 766, 768 (Tex.1977).

In *Sublett v. Black,* 617 S.W.2d 754 (Tex. Civ.App.—Houston [14th Dist.] 1981, writ dism'd), the Court indicated that a judgment of mental incompetency could be rendered if the subject had waived service. See id. at 756. This precise issue was not before that Court for resolution, however, and we do not feel ourselves bound by the dicta in that opinion.

Nor are we impressed with appellees' contention that personal service was finally had upon Mrs. Bryant on December 17, 1981, some two months after the trial court signed the order adjudging her incompetent, and that such attempted compliance with § 130(c) relates back to the time of said order, somehow imbuing it with the validity it otherwise lacks. For one thing, the record does not support appellees' assertion that such was accomplished in that it does not affirmatively reflect either the issuance or the return of such citation. See *Mega v. Anglo Iron & Metal Co. of Harlingen,* 601 S.W.2d 501, 503 (Tex.Civ.App.—Corpus Christi 1980, no writ). More importantly, however, we know of no instance in which lack of jurisdiction over a person may be retroactively conferred upon a court by a subsequent attempt to satisfy due process requirements.

In summary, then, we hold that the waiver of notice provision found in § 35 of our Probate Code is not to be considered as among the exceptions noted in § 130(c), and is not applicable to proceedings in which the incompetency of an individual is alleged.

Since this appeal was not perfected by Mrs. Bryant, it cannot be said that it constitutes an appearance by her, thereby dispensing with the need for issuance of new citation upon remand. Rule 123, T.R. C.P.; *Mega v. Anglo Iron & Metal Co. of Harlingen,* supra, 601 S.W.2d at 505.

The judgment of the county court is REVERSED, and the cause REMANDED for further proceedings.