**Elma G. ORTIZ, Appellant,**

v.

**Dora Vela GUTIERREZ, Appellee.**

**No. 04–89–00005–CV.**

Court of Appeals of Texas, San Antonio.

Oct. 31, 1989.

Rehearing Denied June 27, 1990.

Dissenting Opinion on Motion for Rehearing June 27, 1990.

---

Hector Leal, Jr., Leal & Bratt, Laredo, for appellant.

C.M. Zaffirini, Zaffirini & Castillo, Laredo, for appellee.

Before PEEPLES, BUTTS and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from an order dismissing appellant's application for appointment of a guardian of the estate of appellant's mother, Dora Vela Gutierrez, the ward, based upon alleged physical and/or mental infirmity of the ward.

The dispositive issue in this appeal is contained in appellant's second point of error, which alleges that the trial court erred in dismissing the appellant's application for guardianship based upon a lack of personal service of citation upon the ward as per section 130 of the Texas Probate Code because personal service of citation was waived by the appearance of an attorney of record.

■ The facts pertinent to the disposition of this appeal are not in dispute. The record reflects that, prior to the order of dismissal, the ward's attorney filed several motions (motion to vacate order appointing guardian and appointing attorney for ward; motions to transfer based upon venue; motions to dismiss based upon lack of personal service) which constitute an appearance. In addition, the trial court properly found in its findings of facts and conclusions of law that the ward "has never been personally served with citation to appear and answer [and] such personal service has never been waived by Dora Vela Gutierrez [and] Personal Service as required by Sec. 130 Texas Probated [sic] Code has not been accomplished."

■ However, appellant argues that the appearance by the ward's attorney waived the necessity of personal service on the ward based upon section 34 of the Texas Probate Code, which provides that

If any attorney shall have entered his appearance of record for any party in any proceeding in probate, all citations and notices required to be served on the party in such proceeding shall be served on the attorney, and such service shall be in lieu of service upon the party for whom the attorney appears....

TEX.PROB.CODE ANN. § 34 (Vernon 1980), and/or rule 121 of The Texas Rules of Civil Procedure which provides that

An answer shall constitute an appearance of the defendant so as to dispense with the necessity of the issuance or service of citation upon him.

TEX.R.CIV.P. 121.

We disagree, affirm and hold that the trial court properly dismissed appellant's application for guardianship based upon a lack of personal service upon the proposed ward because such personal service, being jurisdictional, is required and may not be waived by appearance.

■ The power of a court to appoint a guardian is a special power conferred by statute and compliance with the statute is a condition precedent to the valid exercise of that power and is jurisdictional. See *Threatt v. Johnson,* 156 S.W. 1137, 1139 (Tex.Civ.App.—Texarkana 1913, no writ); *Dyer v. Wall,* 645 S.W.2d 317, 318–319 (Tex.App.—Corpus Christi 1982, no writ); TEX.R.CIV.P. 124. Section 130(c) of our Probate Code provides:

*Except as hereinafter provided,* minors who have attained the age of fourteen years, persons alleged to be of unsound mind or habitual drunkards, and persons for whom it is alleged to be necessary to have a guardian appointed to receive funds from any governmental source or agency *shall be personally served* with citation to appear and answer the application for the appointment of a guardian. [Emphasis added].

TEX.PROB.CODE ANN. § 130(c) (Vernon 1980). The exceptions referred to in section 130(c) are only those contained in section 130(d), which sets out when service of citation is not required. It is undisputed that this ward does not fall within any section 130(d) exception.

■ In addition, we further hold that the waiver of notice provisions found in section 34 of the Texas Probate Code and rule 121 of the Texas Rules of Civil Procedure are not to be considered as among the exceptions noted in section 130(c), and are not applicable to proceedings in which the mental or physical infirmity (incompetency) of an individual is alleged.

Accordingly, we overrule appellant's second point of error and need not address appellant's other points of error. TEX.R. APP.P. 90.

The judgment of the trial court is affirmed.

### APPELLANT'S FIRST MOTION FOR REHEARING

PEEPLES, Justice, dissenting.

It is one thing to hold that a written *waiver of service* signed by a respondent mentioned in Probate Code § 130(c)[1] is not enforceable. Therefore I do not challenge default judgment reversals such as *Dyer v. Wall,* 645 S.W.2d 317 (Tex.App.—Corpus Christi 1982, no writ), on which the majority relies. A respondent might not understand the legal effect of the instrument and a default judgment might result.

But the rule should be different when the respondent *enters an appearance* by attorney. Here the respondent has been aggressively defended by retained counsel, who answered, filed several motions,[2] appeared in court on her behalf, scheduled hearings, submitted orders to the court, and then belatedly filed and presented the motion to dismiss for lack of personal service that brought about this appeal. The respondent herself has appeared in court

and has been interviewed by the judge. Her rights could not possibly have been better protected by personal service.

I would hold that the respondent has appeared through her attorney and is before the court under TEX.R.CIV.P. 121 and TEX.PROB.CODE ANN. § 34. I dissent from the holding that § 130(c) requires the legal system and the applicants for guardianship to start all over with personal service and a new lawsuit.

---

1. The statute, quoted in the majority opinion, requires personal service on certain minors, and on those alleged to be of unsound mind or in need of a guardian.

2. The Respondent's law firm has filed a motion to vacate, a motion to transfer, two motions to dismiss, an amended motion to dismiss, and a motion for protective order.