**Esther Gill TORRES, Individually and on Behalf of Mary C. Ramon as Permanent Guardian of the Person and Estate of Mary C. Ramon, Appellant,**

v.

**Horacio RAMON, Appellee.**

No. 04–98–00888–CV.

Court of Appeals of Texas, San Antonio.

Sept. 8, 1999.

Frederick R. Zlotucha, Bert G. Miller, Law Offices of Frederick R. Zlotucha, San Antonio, for Appellant.

William Hawbecker, San Antonio, Mark L. Medley, Law Office of Mark L. Medley, P.C., San Antonio, T. Marc Perkins, San Antonio, Adam Poncio, Law Offices of Cerda & Poncio, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

This appeal arises from a probate proceeding in which Esther Torres and Horacio Ramon each asked to be named the guardian of Mary Ramon. The probate court found that, although Horacio was Mary's common-law husband, Esther should be named guardian. On appeal, Esther contends it was unnecessary to determine whether Horacio was Mary's common-law husband. We agree, modify the judgment to delete the unnecessary finding, and affirm the modified judgment.

In 1971, Mary divorced Horacio, but they continued to live together. In 1993, Mary suffered a debilitating stroke, which resulted in a malpractice suit. Because Mary needed constant nursing care, her daughter Esther applied for letters of guardianship. Horacio filed an "Opposition to Appointment," identifying himself as Mary's husband and seeking to have himself named as Mary's guardian. Unlike Esther, Horatio did not personally serve his pleading on Mary or provide notice to her relatives or nursing home.

After holding an evidentiary hearing, the probate court found that Horacio was Mary's common-law husband and therefore had standing to oppose Esther's application. The court also found that Horacio was not qualified to serve as guardian, instead naming Esther as Mary's permanent guardian.

Esther contends it was unnecessary for the probate court to find there was a common-law marriage when it also found that Horatio was disqualified from serving as guardian. We agree.

The Probate Code allows "any person" to contest an application. TEX. PROB.CODE ANN. § 642 (Vernon Supp.1999). Horatio, therefore, had standing to contest Esther's application whether he was Mary's spouse or not. The Probate Code also provides that when "two or more eligible persons are equally entitled to be appointed guardian," the ward's spouse must be given preference to the other person. *Id.* § 677(a)(1). Implicitly, the code requires the court to first determine whether a person is eligible to serve as a guardian before determining whether that person is a spouse. In this case, the court found that Horatio was not qualified to serve as Mary's guardian. Thus, it was unnecessary for the probate court to determine Horatio's status as her common-law spouse.[1]

### Conclusion

In light of our holding, it is unnecessary to address Esther's remaining complaints. Accordingly, we modify the probate court's judgment to remove any reference to Horatio as Mary's common-law spouse. As modified, we affirm the judgment.

ALMA L. LÓPEZ, Justice, dissenting without opinion.

---

1. We also note the probate court had no jurisdiction over Horatio's claims because he failed to serve citation on Mary or provide notice to her relatives. *See* TEX. PROB.CODE ANN. § 633(e) (Vernon Supp.1999); *Ortiz v. Gutierrez,* 792 S.W.2d 118, 119 (Tex.App.—San Antonio 1989, writ dism'd as moot).