ACCEPTED
01-14-00788-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 2:36:12 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00788-CV
## In the First Court of Appeals of Harris County, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/30/2014 2:36:12 PM
CHRISTOPHER A. PRINE
Clerk

In re Guardianship of M.P.G.

Donald Gauci,
Appellant,

v.

Kathryn Woessner Gauci,
Appellee.

**Appeal from Order Appointing Permanent Guardian of the Person Pursuant to Texas Estates Code Section 1103.001**

**Cause No. 430,385, Probate Court No. 2 of Harris County, Texas
The Honorable Mike Wood, Presiding**

## APPELLANT'S REPLY BRIEF

John L. Dagley (TBN 05310500)
Kenneth J. Fair (TBN 24007171)
Katie Tipper-McWhorter (TBN 24083974)
Campbell Harrison & Dagley L.L.P.
4000 Two Houston Center
909 Fannin Street, Suite 4000
Houston, TX 77010
(713) 752-2332 Telephone
(713) 752-2330 Facsimile
jdagley@chd-law.com
kfair@chd-law.com
ktipper@chd-law.com

ATTORNEYS FOR APPELLANT DONALD GAUCI

- 1 -

# IDENTITY OF PARTIES AND COUNSEL

## APPELLANT

**Donald Gauci**

John L. Dagley
Texas Bar No. 05310500
Kenneth J. Fair
Texas Bar No. 24007171
Katie Tipper-McWhorter
Texas Bar No. 24083974
CAMPBELL HARRISON & DAGLEY L.L.P.
Two Houston Center
909 Fannin Street, Suite 4000
Houston, TX  77010
713-752-2332 Telephone
713-752-2330 Facsimile
jdagley@chd-law.com
kfair@chd-law.com
ktipper@chd-law.com

## APPELLEE

**Kathryn Woessner Gauci**

Debra E. Hunt
MOORE & HUNT
P.O. Box 300788
Houston, Texas 77230
713-522-4282 Telephone
713-522-9604 Facsimile
debbie@mooreandhunt.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................2

TABLE OF CONTENTS.................................................................................3

INDEX OF AUTHORITIES.............................................................................4

SUMMARY OF THE ARGUMENT ..................................................................6

ARGUMENT ................................................................................................7

   A. The order imposing guardianship is void and should be reversed for lack of jurisdiction..................................................................................7

      1. The United States and Texas Constitutions require personal service of citation on a proposed ward before imposing a guardianship.......................7

      2. Appellee's argument that the language "notwithstanding any other law" contained in Texas Estates Code Section 1103.002 absolves her failure to personally serve both the Appellant and the proposed ward is flawed, and the guardianship order remains void. ..................................................10

   B. Texas Estates Code Section 1103.002 only applies where a family court has previously declared the proposed ward to be a "disabled child." Because the guardianship was entered without a hearing and M.P.G. was never adjudicated a "disabled child" the guardianship order is void. ...........14

PRAYER .....................................................................................................16

CERTIFICATE OF COMPLIANCE................................................................17

# INDEX OF AUTHORITIES

**CASES**

*Autozone, Inc. v. Duenes,* 108 S.W.3d 917 (Tex. App.—Corpus Christi 2003, no pet.)..................................................................................................9

*Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712 (Tex. 1990)....................11

*Browning v. Placke,* 698 S.W.2d 362 (Tex. 1985) .................................................10

*Cook v. Cameron*, 733 S.W.2d 137 (Tex. 1987) .....................................................10

*Dodd v. Twin City Fire Ins. Co.*, 545 S.W.2d 766 (Tex. 1977)..............................10

*Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189 (Tex. App.—Fort Worth 1995, writ denied) .......................................................................................11

*In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455 (Tex. 2011) ...............................11

*In re Bokeloh,* 21 S.W.3d 784 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding) ...........................................................................................................9

*In re E.R.*, 385 S.W.3d 552 (Tex. 2012) ..................................................................8

*In re Garza,* 126 S.W.3d 268 (Tex. App.—San Antonio 2003, orig. proceeding) ...........................................................................................................9

*In re Guardianship of B.A.G.*, 794 S.W.2d 510 (Tex. App.—Corpus Christi 1990, no writ) ........................................................................................................9

*In re Guardianship of Castanon,* 2007 WL 700987 (Tex. App.—Waco 2007, no pet.)...............................................................................................................8

*In re Guardianship of Erickson*, 208 S.W.3d 737 (Tex. App.—Texarkana 2006, no pet.)......................................................................................................9

*In re Guardianship of Winn*, 372 S.W.3d 291 (Tex. App.—Dallas 2012, no pet.)...................................................................................................................14

*In re Mask,* 198 S.W.3d 231 (Tex. App.—San Antonio 2006, orig. proceeding) ...........................................................................................................8

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S. Ct. 652, 94 L. Ed. 865 (1950) ..............................................................................................7

*Ortiz v. Gutierrez,* 792 S.W.2d 118 (Tex. App.—San Antonio 1989, writ dism'd) ..........................................................................................................8, 10

*Perry v. Ponder,* 604 S.W.2d 306 (Tex. Civ. App.—Dallas 1980, no writ) ............9

*Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884 (Tex. 1985) (per curiam)................................................................................................8

*Werner v. Colwell,* 909 S.W.2d 866 (Tex. 1995) ....................................................9

*Whatley v. Walker*, 302 S.W.3d 314 (Tex. App.—Houston [14th Dist.] 2009, no pet.) .......................................................................................................9

*Wilson v. Dunn,* 800 S.W.2d 833 (Tex. 1990) ...........................................8

**STATUTES**

TEX. ESTATES CODE § 1022.001 ...............................................................12

TEX. ESTATES CODE § 1022.002 ...............................................................12

TEX. ESTATES CODE § 1051.103 .................................................................8

TEX. ESTATES CODE § 1055.051 ................................................... 13, 14, 15

TEX. ESTATES CODE § 1101.051 ...............................................................16

TEX. ESTATES CODE § 1101.052 ...............................................................15

TEX. ESTATES CODE § 1101.101 ...............................................................16

TEX. ESTATES CODE § 1102.005 ...............................................................12

TEX. ESTATES CODE § 1103.002 ................................................... 12, 14, 15

TEX. FAM. CODE § 154.302 ........................................................... 12, 15

TEX. FAM. CODE § 154.309 ........................................................... 12, 15

TEX. FAM. CODE § 155.001 ........................................................... 13, 15

TEX. GOV'T CODE § 311.021(1) ...............................................................11

**RULES**

TEX. R. CIV. P. 124 .................................................................................9, 10

**CONSTITUTIONAL PROVISIONS**

Laudenberg, Bill Analysis of H. B. 585, Judiciary Committee Report (Unamended) (2007) ...........................................................................12

## SUMMARY OF THE ARGUMENT

Appellant argues that the trial court's order imposing a guardianship on M.P.G. must be reversed for the following reasons.

Appellee's failure to serve M.P.G. (the proposed ward) or Donald Gauci (the proposed ward's father) personally with citation violates their constitutional due-process rights and violates Texas Estates Code Section 1051.103. This defect is jurisdictional, and Appellee's failure to strictly comply with the Estates Code's service requirements means that the trial court never gained jurisdiction over M.P.G. or Donald, which renders the guardianship order void. Furthermore, Appellee's duty to ensure service of process before the guardianship was imposed is not altered by the "notwithstanding any other law" language in Texas Estates Code Section 1103.002; that section cannot eliminate the constitutional due-process requirement of proper service and notice to the parties interested in the proposed guardianship.

Furthermore, the Appellee sought the guardianship, and the trial court granted it without a hearing, under Chapter 1103 of the Texas Estates Code. A hearing on a guardianship application is mandatory unless the provisions of Chapter 1103 are fully satisfied. That chapter creates a streamlined procedure for imposing a guardianship on a "disabled child," as adjudicated by a family court in a suit affecting the parent-child relationship (SAPCR). Here, however, M.P.G. was

never adjudicated to be a "disabled child" in a SAPCR; therefore, Chapter 1103 did not apply, and it was error to impose a guardianship without a hearing.

## ARGUMENT

**A.    The order imposing guardianship is void and should be reversed for lack of jurisdiction.**

*1.    The United States and Texas Constitutions require personal service of citation on a proposed ward before imposing a guardianship.*

A proposed ward must be served with personal citation because a guardianship directly affects an individual's liberty interests. The Fifth and Fourteenth Amendments to the United States Constitution prohibit federal and state governments from depriving any person of life, liberty, or property without due process of law. Likewise, Article 1, Section 19 of the Texas Constitution states, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." These due-process requirements include proper service of process, as stated by the U.S. Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. … [W]hen notice is a person's due, process which is a mere gesture is not due process.[1]

---

[1] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 657, 94 L. Ed. 865 (1950).

Similarly, the Texas Supreme Court has held that "Personal jurisdiction, a vital component of a valid judgment, is dependent 'upon citation issued and served in a manner provided for by law.'"[2] If service is invalid, it is "of no effect" and cannot establish the trial court's jurisdiction over a party.[3] In short, service of process is a fundamental constitutional right that provides the recipient with due process of law through adequate notice of legal proceedings that may affect his rights.

The Texas Estates Code also requires service of citation, providing that a sheriff or other officer of the court must ***personally serve*** citation on a list of interested parties including: (1) the ***proposed ward*** if he or she is 12 years of age or older and (2) the ***proposed ward's parents***.[4] "The power of a court to appoint a guardian is a special power conferred by statute and compliance with the statute is a condition precedent to the valid exercise of that power and is jurisdictional."[5] Moreover, a proposed ward alleged to be an incompetent person cannot waive service of citation.[6] Chapter 1051 of the Estates Code does not set out optional

---

[2] *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex. 1990)).

[3] *Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex. 1985) (per curiam).

[4] TEX. ESTATES CODE § 1051.103(a) (emphasis added).

[5] *Ortiz v. Gutierrez,* 792 S.W.2d 118, 119 (Tex. App.—San Antonio 1989, writ dism'd).

[6] *In re Guardianship of Castanon,* 2007 WL 700987, at *2 n. 2 (Tex. App.—Waco 2007, no pet.); *In re Mask,* 198 S.W.3d 231, 234 (Tex. App.—San Antonio 2006, orig. proceeding).

procedures; only through strict compliance with these service requirements is the probate court's jurisdiction invoked.[7]

This right to notice and due process is so fundamental that a court will not retain personal jurisdiction over a proposed ward until the citation requirement has been fulfilled. A judgment or order is void when it is apparent that the court rendering it lacked jurisdiction of either the parties or the subject matter of the lawsuit.[8] For a trial court to have jurisdiction over a party, the party must be properly before the court in the pending controversy as authorized by procedural statutes and rules.[9] A trial court does not have jurisdiction to enter a judgment or order against a respondent unless the record shows proper service of citation on the respondent.[10] A void order has no force or effect and confers no rights; it is a mere nullity.[11] Thus, failure to serve a proposed ward with citation is jurisdictional, and a court's subsequent order appointing a guardian without proper service on the ward is void. [12]

---

[7] *In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, no pet.); *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511 (Tex. App.—Corpus Christi 1990, no writ).

[8] *In re Bokeloh,* 21 S.W.3d 784, 794 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).

[9] *Perry v. Ponder,* 604 S.W.2d 306, 322 (Tex. Civ. App.—Dallas 1980, no writ).

[10] Tex. R. Civ. P. 124; *Werner v. Colwell,* 909 S.W.2d 866, 869–70 (Tex. 1995); *Autozone, Inc. v. Duenes,* 108 S.W.3d 917, 920 (Tex. App.—Corpus Christi 2003, no pet.).

[11] *In re B.A.G.,* 794 S.W.2d at 511; *In re Garza,* 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding).

[12] *See Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (failure to serve citation is jurisdictional, and subsequent order appointing guardian without proper service is void).

Appellee cannot rely on alleged instructions from the probate court regarding appropriate service of citation on a proposed ward and his father. Neither the probate court nor the Texas Estates Code has the power to deprive an individual of his or her rights to due process in the form of personal service of citation. It is undisputed that neither M.P.G. (the proposed ward) nor Donald (his father) were personally served with process on Kathryn Gauci's application for guardianship.[13] Because neither M.P.G. nor Donald was served with process, the probate court did not have jurisdiction over them, and any order entered adjudicating their rights is void.[14] The failure to personally serve the proposed ward, M.P.G., and the proposed ward's parent, Donald, requires reversal of the order creating the guardianship.

2.   *Appellee's argument that the language "notwithstanding any other law" contained in Texas Estates Code Section 1103.002 absolves her failure to personally serve both the Appellant and the proposed ward is flawed, and the guardianship order remains void.*

Appellee's claim that a guardianship can be imposed on M.P.G. without personal service of citation on M.P.G. and Donald violates their constitutional rights to due process. Appellee argues, however, that Texas Estates Code Section

---

[13] *See* CR 1:126–128.

[14] *See* TEX. R. CIV. P. 124; *Browning v. Placke,* 698 S.W.2d 362, 363 (Tex. 1985); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987); *Dodd v. Twin City Fire Ins. Co.*, 545 S.W.2d 766, 770 (Tex. 1977); *Ortiz*, 792 S.W.2d at 119.

1103.002(a) does not require her to personally serve M.P.G. and Donald because it contains the language "notwithstanding any other law".

This reading of Section 1103.002 is constitutionally infirm and would require one to assume that the Legislature intended to circumvent the due-process requirement of service of process, thereby rendering the statute unconstitutional. But, when possible, courts give statutes a construction consistent with const-itutional requirements, because the Legislature is presumed to have intended compliance with state and federal constitutions.[15] When a statute lends itself to two interpretations, one that is reasonable and within the constitution and one that would render the statute unconstitutional, a court must adopt the interpretation that protects the statute's constitutionality.[16]

In order to understand the phrase "notwithstanding any other law" in Estates Code Section 1103.002, one must understand the problem that Chapter 1103 was intended to rectify. Chapter 1103 was intended to resolve a jurisdictional conflict that can arise between family courts (usually district courts) and the courts of original probate jurisdiction (which are county courts, county courts-at-law, or statutory probate courts, depending on the county). When a child is adjudicated to be disabled in a suit affecting the parent-child relationship (SAPCR), the family

---

[15] TEX. GOV'T CODE § 311.021(1); *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 715 (Tex. 1990); *see also In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 468 (Tex. 2011).

[16] *Holmans v. Transource Polymers, Inc.*, 914 S.W.2d 189, 191 (Tex. App.—Fort Worth 1995, writ denied).

court can have continuing exclusive jurisdiction over the child past that child's 18th birthday, and can order support, possession, and access for that child.[17] However, in certain circumstances, a guardianship may be required for that child, and only courts of original probate jurisdiction have the power to impose guardianships.[18] As Appellee cited in her brief, in drafting Chapter 1103, the Judiciary Committee recognized that "[w]hen a disabled child reaches adult age, custodial parents must seek a guardianship for continued care of an incapacitated child, but cannot do so in a family court. Only probate courts have jurisdiction over adult guardianships. State law prohibits transferring custody cases from family court to another court's jurisdiction, even after the child becomes an adult. This could prevent the appointment of a guardian in an appropriate case."[19]

Chapter 1103, therefore, is used only in a very limited circumstance, where a family court with continuing exclusive jurisdiction has already determined that the child is disabled and in need of continuing support into adulthood.[20] In an effort to streamline the guardianship process in these limited situations where significant litigation has most likely already taken place, a hearing is not required in order to impose a guardianship.[21] Therefore, the language "notwithstanding any other law"

---

[17] TEX. FAM. CODE §§ 154.302, 154.309.

[18] TEX. ESTATES CODE §§ 1022.001, 1022.002, 1022.005.

[19] Laudenberg, Bill Analysis of H. B. 585, Judiciary Committee Report (Unamended) (2007).

[20] TEX. ESTATES CODE § 1103.002.

[21] *Id.* § 1103.002(a)(1).

is referring to the traditional requirement that a hearing must be held in order for a guardianship to be imposed.[22]

Furthermore, "notwithstanding any other law" is also a reference to Family Code Section 155.001, which provides that "a court acquires continuing, exclusive jurisdiction over the matters provided for by this title in connection with a child on the rendition of a final order" and that "[i]f a court of this state has acquired continuing, exclusive jurisdiction, no other court of this state has jurisdiction of a suit with regard to that child except as provided by this chapter or Chapter 262."[23] Section 1103 remedies the conflict described by the Judiciary Committee, allowing a probate court to create a guardianship where a family court with continuing exclusive jurisdiction had already determined the proposed ward to be a disabled child under the Texas Family Code.

Appellee's interpretation of Chapter 1103 is overbroad and would suggest that a proposed ward's constitutional due process rights may be infringed upon by statute. Appellee's interpretation would strip both Donald and M.P.G. of their constitutional rights, and allow a guardianship to be imposed without notice or hearing. The fact remains that without proper service of citation, the trial court never gained the requisite jurisdiction to impose a guardianship. As a result, this

---

[22] *Id.* § 1055.051(a)(2).

[23] TEX. FAM. CODE § 155.001(a), (c).

Court should reverse the trial court's order and dismiss the guardianship proceeding for want of jurisdiction.

**B.      Texas Estates Code Section 1103.002 only applies where a family court has previously declared the proposed ward to be a "disabled child." Because the guardianship was entered without a hearing and M.P.G. was never adjudicated a "disabled child" the guardianship order is void.**

In the alternative, the Court should reverse the guardianship order and remand for a full hearing on Appellee's guardianship application. Estates Code Section 1055.051 prohibits a trial court from considering a guardianship application by submission; instead, a full evidentiary hearing is required.[24] No such hearing was held in this case.

The guardianship order in this case was entered under Estates Code Section 1103.002, which applies only to guardianship proceedings where the proposed ward has previously been declared a "disabled child" in a SAPCR. As noted in the previous section, in the narrow circumstance where a family court retains jurisdiction over a disabled child after reaching adulthood, the Estates Code provides a method of creating a guardianship without the need for a hearing.[25] Section 1103.002(a) explicitly states that a guardian may be appointed without hearing only when (1) "the applicant is a person who was appointed conservator of a ***disabled child***," and (2) "the proposed ward is an incapacitated adult with respect

---

[24] TEX. ESTATES CODE § 1055.051; *In re Guardianship of Winn*, 372 S.W.3d 291, 301 (Tex. App.—Dallas 2012, no pet.).

[25] TEX. ESTATES CODE § 1103.002.

to whom another court obtained continuing, exclusive jurisdiction in a suit affecting the parent child relationship when the person was a child."[26]

The phrase "disabled child" is a term of art used in the Texas Family Code.[27] In order for the family court to determine whether a child is a "disabled child," the court must make specific factual findings.[28] If those findings are made, the family court can order the disabled child's parents to support the child, and can allocate possession and access between the parents, after the child's 18th birthday.[29] Moreover, the family court retains continuing exclusive jurisdiction over the child and the parents to modify or enforce its orders.[30]

In this case, M.P.G. was never found to be a "disabled child" by the 309th Judicial District Court.[31] Consequently, Kathryn Gauci was never "appointed conservator of a disabled child," and thus she could not take advantage of the streamlined guardianship procedures provided in Section 1103.002 of the Estates Code. Instead, she was required by statute to have a hearing on her guardianship application, for which the proposed ward was entitled to request a jury.[32] During that hearing, the trial court would have had to make certain inquiries and

---

[26] *Id.* § 1103.002(a) (emphasis added).

[27] TEX. FAM. CODE § 154.302.

[28] *Id.*

[29] *Id.* §§ 154.302, 154.309.

[30] *Id.* § 155.001.

[31] CR 1:9-68.

[32] TEX. ESTATES CODE §§ 1055.051(a)(2) (application for guardianship cannot be considered on submission), 1101.052 (proposed ward entitled to jury trial on request).

evidentiary findings before imposing a guardianship.[33] None of this ever occurred.[34]

Since the procedures provided in the Texas Estates Code for imposing a guardianship were not followed, the *Order Appointing Permanent Guardian of the Person Pursuant to Texas Estates Code Section 1103.001* was error. Consequently, the order must be reversed.

## PRAYER

For the foregoing reasons, Appellant asks the Court to reverse the *Order Appointing Permanent Guardian of the Person Pursuant to Texas Estates Code Section 1103.01* entered on June 24, 2014, and to dismiss this case for lack of jurisdiction, or in the alternative, remand this case to the trial court for further proceedings.

---

[33] *Id.* §§ 1101.051, 1101.101.

[34] RR 1:4; *see generally* CR 1:126–28.

Respectfully submitted,

John L. Dagley
State Bar No. 05310050
jdagley@chd-law.com
Kenneth J. Fair
State Bar No. 24007171
kfair@chd-law.com
Katie Tipper-McWhorter
State Bar No. 24083974
ktipper@chd-law.com
4000 Two Houston Center
909 Fannin Street, Suite 4000
Houston, TX  77010
(713) 752-2332 Telephone
(713) 752-2330 Facsimile

ATTORNEYS FOR APPELLANT
DONALD GAUCI

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2007 in 14-point Times New Roman and contains 2,142 words, as determined by the program's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1). The aggregate of all briefs filed by Appellant in this case total 5,089 words.

Kenneth J. Fair

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served on the following counsel on December 30, 2014, as required by the Texas Rules of Appellate Procedure, including by electronic mail.

Debra E. Hunt
MOORE & HUNT
P.O. Box 300788
Houston, Texas 77230
Phone: 713-522-4282
Fax: 713-522-9604
Email: debbie@mooreandhunt.com

Kenneth J. Fair