ACCEPTED
01-14-01004-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 6:09:52 PM
CHRISTOPHER PRINE
CLERK

**IN THE FIRST**

**COURT OF APPEALS**

**HOUSTON DIVISION**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
10/7/2015 6:09:52 PM
CHRISTOPHER A. PRINE
Clerk

---

**KEVIN CAMPBELL**
    **Appellant**

**VS.**

**CATHERINE WILEY**
    **Appellee**

---

**APPELLANT'S MOTION TO STRIKE MAGGIORE'S
MOTION TO DISMISS APPELLANT'S APPEAL &
MOTION TO EXPEDITE DETERMINATION THAT PROBATE COURT
LACKED JURISDICTION AND TO DISMISS THE TRIAL COURT CASE**

---

**01-14-01004-CV**

---

In a case appealed from Cause No. PR-0075471
From the Probate Court of Galveston County, Texas
Kimberly Sullivan, Presiding Judge

---

Respectfully submitted,

/s/ Veronica L. Davis

Veronica L. Davis
Plaintiff-Petitioner
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953
vld57atal@yahoo.com

# IN THE FIRST

# COURT OF APPEALS

# HOUSTON DIVISION

**KEVIN CAMPBELL**
      **Appellant**

**VS.**                                       **No. 01-14-01004-CV**

**CATHERINE WILEY**
      **Appellee**

## APPELLANT'S MOTION TO STRIKE MAGGIORE'S MOTION TO DISMISS FOR LACK OF JURISDICTION & MOTION TO EXPEDITE DETERMINATION THAT PROBATE COURT LACKED JURISDICTION AND TO DISMISS THE TRIAL COURT CASE

**TO THE HONORABLE COURT:**

**Appellant, Kevin Campbell,** hereby moves this court to strike the Motion to

Dismiss filed by M. Brandon Maggiore and in support thereof would show the

following:

**I.**

**Maggiore is not the appellee in this cause, and has no authority to seek**

**dismissal as set out in Issue Six of Appellant's appellate brief.**

As set out in Appellant's brief, Maggiore is not vested with authority to

pursue any matter relevant to this appeal. The **Texas Estates Code** vests authority in the guardian only to respond to any matters which arise after appeal. The guardian ad litem is given no such authority.

Pursuant to **Texas Estates Code** 1152.001 Guardian to Serve Pending Appeal of Appointment:

Pending an appeal from an order or judgment appointing a guardian, the appointee shall:

2)      prosecute a pending suit in favor of the guardianship

Therefore, Maggiore lacks authority to prosecute this appeal or deem himself to be the appellee, as he was not appointed guardian in this cause.

## II.

**Maggiore's Motion exceeds the scope of his appointment as contained in his appointment order, as well as outined by the Texas Estates Code.**

The appointment specifically states that:

1)      [ Maggiore] is hereby appointed pursuant to Section 645(a) of the Texas Probate Code,  Guardian Ad Litem for Lonnie Phillips, Jr. to investigate the necessity of a guardianship, and if determine that one is needed to prepare the guardians application........

2)      to assess and review financial, medical, psychological intellectual testing records

3)      to discuss medical or psychological condition

The guardianship appointment is technically the same as the one signed on

initiated on December 06, 2013.

Aany action taken subsequent to his discharge on or about October 03, 2014, is beyond the scope of his appointment and thereby impermissible. Even though reappointed on December 29, 2014, he is only given the limited powers outlined above. There is no continuing duty to act given either by order or by statute. (See Exhibit A, attached and incorporated by reference, the same as if fully copied and set forth herein).

## III.

Maggiore contends that the issues briefed by Appellant as 1-5 and 8 were not timely, thereby depriving the court of jurisdiction. Issues 1-5 and 8 deal primariy with the appointment of the guardian ad litem and the continuing acts of the said guardian, up to and through her appointment as permanent guardian.

More specifically, Maggiore contends that the Motion for Rehearing was due to be filed on November 03, 2014. Appellant filed same timely and therefore the argument of Maggiore is without merit.

Appellant filed its Motion for Rehearing on November 03, 2014 at 11:18 p.m. (See Exhibit B, attached and incorporated by reference, the same as if fully copied and set forth herein). It is noted on said filing (Envelope Number 3051331) that the clerk rejected same due to Exhibit A being sent as an attachment, rather than combining the pleading and appendix as one document. Whether a document

is an attachment or to be contained along with the original pleading is a practice that varies from court to court, county to county, and among clerks within the same county.

Upon notification, Appellant resubmitted said document again, with same being accepted on November 06, 2014. (See Exhibit C, attached and incorporated by reference, the same as if fully copied herein). Appellant's note to the clerk refers to the previous envelope number and requests that the clerk show the original filing date.

**Texas Rules of Civil Procedure** 21a(b)(3) provides that:

(3) Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party.

Therefore, Appellant's Motion for Rehearing was timely filed, making its notice of appeal timely. Consequently, Maggiore's argument is without merit

**IV.**

Appellant contends further that the court never obtained jurisdiction to appoint the guardian or guardian ad litem as set out in its Brief. More specifically, while the appellant had a guardianship application on file, awaiting a hearing, Maggiore filed a counter-application on January 30, 2014, and had an ex pare

hearing with the court. The court entered an order of appointment of temporary guardian on the same day. Appellant contends that said appointment was void and that the probate court never obtained jurisdiction over Lonnie Phillips, Jr.

The **Texas Estate Code** § 1051.101 requires that:

(a)     on the filing of an application for guardianship, notice shall be issued and served as provided by this subchapter

The **Texas Estate Code** § 1051.103 requires that:

The sheriff or other officer shall ***personally*** serve citation to appear and answer an application for guardianship on :

1)     a proposed ward who is 12 years of age or older. [Emphasis added]

The ward was not noticed nor served nor was the applicant/appellant served. The ad litem appeared ex parte and obtained said temporary guardianship, though a pending application was on file by the appellant.

Pursuant to **Ortiz v. Gutierrez**, 792 S.W.2d 118 (Tex.App.-San Antonio 1989, writ dism'd) and **Threatt v. Johnson**, 156 S.W. 1137 (Tex.Civ.App.-Texarkana 1913, no writ), a court exercising probate jurisdiction does not have the power to act without strict compliance with the probate statute. *Ortiz* at 119; *Threatt*, at 1139. *Threatt* held that:

> compliance with the statute is a condition precedent to the valid exercise of
> that power [to appoint a guardian] and is jurisdictional." *Ortiz,* at 119 (citing

*Threatt,* at 1139). In *Erickson*, the court held, pursuant to section 633(f), that the trial court could not appoint a permanent guardian until the expiration of ten days after service of citation and notice.

In **Gauci v. Gauci**, 01-14-00788, Ct.App- Houston [14[th]] 2015, the court

held that:

Before a court may enter judgment against a party, the court must have obtained jurisdiction over that party pursuant to applicable rules or statutes.*" Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.-Houston [14th Dist.] 2009, pet. denied). A judgment rendered by a trial court that lacks jurisdiction over **the parties or subject matter is void**. PNS Stores, Inc. v. Rivera, 379 S.W.3d 267, 272 (Tex. 2012); Erickson, 208 S.W.3d at 740; *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex. App.-Corpus Christi 1990, no writ). **A judgment that is void is "entirely null within itself, not binding on either party, [and] . . . not susceptible of ratification or confirmation**." See *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (quoting *Murchison v. White*, 54 Tex. 78 (1880)). "[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *PNS Stores*, 379 S.W.3d at 275.

In satisfaction of these well-understood due process concerns, Chapter 1051, Subchapter C of the Estates Code imposes notice and citation requirements generally applicable to guardianship proceedings. "On the filing of an application for guardianship, notice shall be issued and served as provided by this subchapter." Tex. Est. Code § 1051.101(a). The Estates Code specifically provides that the "sheriff or other officer shall personally serve citation to appear and answer an application for guardianship on . . . a proposed ward who is 12 years of age or older." Id. § 1051.103(a). **Failure to personally serve an application for guardianship on a proposed ward deprives the court of jurisdiction. See Erickson, 208 S.W.3d at 740 [** Emphasis added]

It is undisputed that M.G. was not personally served with citation of Kathryn's application for guardianship before the trial court entered its order appointing her as guardian. Accordingly, we conclude that the court lacked personal jurisdiction over M.G. at that time it appointed Kathryn as guardian.

[Emphasis added]

Therefore, Appellant contends that the court never acquired proper jurisdiction over the proposed ward, Lonnie Phillips, and all other orders entered thereafter, are in all things void.  Jurisdiction is never waived.

**V.**

Maggiore further contends that there was finality of judgment after each ruling by the court, thereby making the appeal untimely.  Appellant contradicts same on the basis that the guardianship proceeding has a number of decisions which may be interlocutory or may become final, based upon the seeming finality of judgment and what such ruling entails.  Appellant contends that the temporary and permanent guardianship issue only became final, after the court failed to grant a rehearing on the issue of guardianship on November 19, 2014.

In **In re Guardianship of Miller**, 299 S.W.3d 179 (Tex.App.-Dallas 2009), the court held as follows:

> There are, however, some unique rules regarding judgment finality that may apply to matters governed by the probate code. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex.2006). These exceptions to the one-judgment rule are necessary because of the need to " review controlling, intermediate decisions before an error can harm later phases of the proceeding." Id. In such cases, " multiple judgments final for purposes of appeal can be rendered on certain discrete issues." Id. Both the substantial right test and the requirement outlined in Crowson v. Wakeham, 897 S.W.2d 779 (Tex.1995), that the order dispose of all issues in the " phase of the proceeding" for which it was

brought, may be used to determine whether an " ostensibly interlocutory probate order has sufficient attributes of finality" to confer appellate jurisdiction. See De Ayala, 193 S.W.3d at 578. However, there is no need to resort to the unique probate rules used to determine whether a seemingly interlocutory order is appealable if the order is otherwise final.

Appellant contends that Maggiore is incorrect as it relates to finality of judgment in this cause.

## VI.

Maggiore further errs in his contention that it is too late to file an appeal regarding his appointment of December 29, 2015. Because said order provides Maggiore with no authority, other than to do the necessary work to set up a guardianship and one was already in place, it afforded Maggiore no authority to act in any manner which he has acted since the date of his appointment. His acts exceed the scope of his appointment order and are continuing acts and each new pleading filed by him is a new violation of said order. Not only does Appellant contend that the order should not have been put in place, but it contests Maggiore's authority to act as litigant, as it relates to said order.

Additionally, Appellant contends that the court nor counsel provided Davis further notice of any pleadings after she filed her notice of appeal, with the exception of the pleadings regarding recusal.

Therefore, Appellant does not believe that Issue 6 is not permissible. Since said acts are ongoing, to cure the alleged defect, Appellant will file a second notice

of appeal.

## VII.

Finally, the court lacked authority to issue an order to sell the property of the ward. As heretofore stated, the court lacked jurisdiction at the outset and all orders of the court are *void ab initio*. It is therefore imperative that this court issue a ruling with respect to this Motion making such a finding before the property of the ward is disposed of by the "guardian."

Because the appellant contends that the orders of the court appointing a temporary and permanent guardian were void at the outset and because the court never acquired jurisdiction of the ward or the proceedings pertaining to the guardianship, the Appellant seeks to strike the pleading of Maggiore and that this Court order that the guardianship proceeding be dismissed, that this court declare all orders for the Galveston County Probate court as it relates to the Guardianship of Lonnie Phillips, Jr. as void.

**WHEREFORE PREMISES CONSIDERED**, the appellant prays that this Honorable Court:

1) Expedite ruling in this cause due to the issues involving the sale of the home and the application for a do no resuscitate order;

2) Reverse the orders of the trial court granting a guardianship;

3)      Order all rulings and orders issued by the trial court as void;

4)      Deny any applications for costs and attorney's fees;

5)      Reverse any orders awarding fees against the ward's estate;

6)      Prohibit the filing of any other pleadings in this cause by M. Brandon

        Maggiore

7)      Tax attorney's fees and costs against Maggiore; and

8)      Grant any other and further relief to which Appellant may be justly

        entitled.

Respectfully submitted,

/s/ Veronica L. Davis

Veronica L. Davis
Attorney for Appellant
SBT # 05557300
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953
vld57atal@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served by efiling to opposing counsel on this the 7th day of October, 2015.

/s/ Veronica L. Davis

EXHIBIT A

## CAUSE NUMBER PR-74571

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF | § | IN THE PROBATE COURT OF |
| | § | |
| LONNIE PHILLIPS, JR., | § | |
| | § | |
| AN INCAPACITATED PERSON | § | GALVESTON COUNTY, TEXAS |

## ORDER APPOINTING GUARDIAN AD LITEM

On this date, the court became aware of the necessity for the court to appoint a Guardian Ad Litem to represent the best interest of **LONNIE PHILLIPS, JR..**

It is therefore ORDERED that,

> Matthew Brandon Maggiore
> Maggiore Law Firm, PLLC
> 1001 Texas Avenue, Suite 1400
> Houston, TX 77002
> 713-239-3347 – Telephone
> 713-581-1894 – Facsimile
> **maggiore.law@gmail.com**

is hereby appointed pursuant to Section 645(a) of the Texas Probate Code, Guardian Ad Litem for **LONNIE PHILLIPS, JR.**to investigate the necessity of a guardianship and, if determined that one is needed, to prepare the guardians application and related matters for appointment of a Guardian of the Person of **LONNIE PHILLIPS, JR..**

IT IS ORDERED that Matthew Brandon Maggiore, Guardian ad Litem, is to be given access to and shall review all of the Proposed Wards financial, medical psychological and intellectual testing records.

IT IS FURTHER ORDERED that Matthew Brandon Maggiore, the Guardian ad Litem is hereby authorized to discuss the Proposed Wards medical or psychological condition with any appropriate medical or health care personnel. This access is authorized by this Order, the Probate Code, and 45 CFR 164.512 (e) (1) (i), the Health Insurance Portability and Accountability Act (HIPAA), which authorizes covered entities to disclose protected health information in the course of any judicial or administrative proceeding when responding to an order of the Court.

IT IS FURTHER ORDERED that filing fees and costs will be waived until an estate is determined, if any.

SIGNED December ___29___, 2014.

<u>Kimberly Sullivan</u>
JUDGE PRESIDING

FILED

14 DEC 31 AM 10: 24

*Dwight D. Sullivan*
COUNTY CLERK
GALVESTON COUNTY, TEXAS

EXHIBIT B

# ProDoc®eFiling 2

logged in as vld57atal@yahoo.com

« Back to All Filings

🖨 Print Page

## Filed Date & Time

| Date: | Time: |
|---|---|
| Monday, November 03, 2014 | 11:18:27 PM |

**Filing Status Definitions**

**Envelope Number:** 3051331
**Case Category:** Probate - Guardianship
**Cause Number:** PR-0074571
**Judge for the Case:** Sullivan, Kimberly

### Envelope Information

**Court Assignment:** Galveston County - Probate Court
**Case Type:** Guardianship - Adult
**Case Title:** Guardianship of Lonnie Phillips, Jr., a/k/a, Lonnie Phillips, Incapacitated

| Envelope Fee | Est.Amount |
|---|---|
| **ProDoc, Inc. or other provider fee:** | |
| eFiling/eService Fee | $3.00 |
| 8.25% Sales Tax | $0.25 |
| **Court Fees:** | |
| Total Court Service Fees | $2.00 |
| **State eFiling System Processing Fees:** | |
| Convenience Fee | $0.15 |
| **Total Envelope Fees:** | $5.40 |

### Payment Information

**Account Name:** Veronica Davis
**Payment Method:** Credit Card
**Credit Card Type:** AMEX
**Card Number:** XXXX XXXX XXXX 5003
**Card Expiration Date:** 06/2016
**Transaction Amount:** $7.46
**Transaction Status:**
**Transaction ID:** 5039093
**Transaction Order ID:** 003051331-0

### Personal Information

**Filer:** Veronica Davis
**Attorney of Record:** Veronica Davis
**Firm or Organization:** Veronica Davis
**Bar Number:** 5557300

### Service Recipients

**Veronica Davis**
Email: vld57atal@yahoo.com
Status: Sent
Service Opened: No

[ View Log ]

## Motion

| Filing Fees | |
|---|---|
| **Total Filing Fees:** | $0.00 |

### Filing Information

**Current Status:** | rejected (see clerk comments)
**Filing Description:** Motion for Rehearing
**Reference Number:** LP 0017
**Comments for Clerk:** Attachment is Exhibit A
**Clerk Comments:** No filings with attachments are accepted. Please submit the exhibits as one document behind the Motion.

## Document Information

**Document(s) Filed:**

**Lead Document:**

📄 rehearing.motion.pdf **[Contains sensitive data]**

**Document Description:** rehearing.motion.pdf

**Submitted Document(s):**

📄 phillips pictures 001.pdf **[Contains sensitive data]**

**Document Description:** phillips pictures 001.pdf

📄 phillips pictures 002.pdf **[Contains sensitive data]**

**Document Description:** phillips pictures 002.pdf

This site and all contents Copyright ©2003-2015 Thomson Reuters. All rights reserved.

Loading...

EXHIBIT C

# ProDoc® eFiling 2

« Back to All Filings

🖶 Print Page

## Filed Date & Time

| Date: | Time: |
|---|---|
| Wednesday, November 05, 2014 | 5:06:16 PM |

### Filing Status Definitions

**Envelope Number:** 3081537
**Case Category:** Probate - Guardianship
**Cause Number:** PR-0074571
**Judge for the Case:** Sullivan, Kimberly

### Envelope Information

**Court Assignment:** Galveston County - Probate Court
**Case Type:** Guardianship - Adult
**Case Title:** Guardianship of Lonnie Phillips, Jr., a/k/a, Lonnie Phillips, Incapacitated

| Envelope Fee | Est.Amount |
|---|---|
| **ProDoc, Inc. or other provider fee:** | |
| eFiling/eService Fee | $3.00 |
| 8.25% Sales Tax | $0.25 |
| **Court Fees:** | |
| Total Court Filing Fees | $2.00 |
| Total Court Service Fees | $2.00 |
| **State eFiling System Processing Fees:** | |
| Convenience Fee | $0.21 |
| **Total Envelope Fees:** | **$7.46** |

### Payment Information

**Account Name:** Veronica Davis
**Payment Method:** Credit Card
**Credit Card Type:** AMEX
**Card Number:** XXXX XXXX XXXX 5003
**Card Expiration Date:** 06/2016
**Transaction Amount:** $7.46
**Transaction Status:** Approved
**Transaction ID:** 5092682
**Transaction Order ID:** 003081537-0

### Personal Information

**Filer:** Veronica Davis
**Attorney of Record:** Veronica Davis
**Firm or Organization:** Veronica Davis
**Bar Number:** 5557300

### Service Recipients

**Veronica Davis**
Email: vld57atal@yahoo.com
Status: Sent
Service Opened: No
| View Log |

**Catherine Wylie**
Email: cwylie@wylielawfirm.com
Status: Sent
Service Opened: Yes
Served Date/Time: 11/5/2014 5:07:13 PM
| View Log |

## Motion for Rehearing

| Filing Fees | |
|---|---|
| Uknown optional service code | $2.00 |
| **Total Filing Fees:** | **$2.00** |

### Filing Information

**Current Status:** ✔accepted
**Accepted Date/Time:** 11/6/2014 8:46:21 AM
**Filing Description:**
**Reference Number:** LP 0017
**Comments for Clerk:** Please file stamp this document to show the original date of filing-November 3, 2014. Filing was rejected by clerk for Appendix being a separate attachment. Filer told to combine the document as one. See original envelope number 3051331.